ROBERT C. SCHUBERT (No. 62684)
(rschubert@sjk.law)
DUSTIN L. SCHUBERT (No. 254876)
(dschubert@sjk.law)
NOAH M. SCHUBERT (No. 278696)
(nschubert@sjk.law)
KATHRYN Y. MCCAULEY(No. 265803)
(kmccauley@sjk.law)
**SCHUBERT JONCKHEER & KOLBE LLP**
Three Embarcadero Center, Suite 1650
San Francisco, California 94111
Telephone:     (415) 788-4220
Facsimile:      (415) 788-0161

*Attorneys for Plaintiffs and the Putative Classes*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| RICHARD DELUCA, ANTONIUS TRAN, RICHARD WAGNER, JEDEDIAH CLAWSON, LONNIE BIRCHFIELD, JONATHAN POOL, SUZANNE HAKES, BRAD RAMAEKERS, PAUL MCPHIE, ANGELO MARKATOS, DOMENICO COLABRARO, KIRK ARELLANO, SARAH KESSLER, ADOLFO MUCCILLO, CURTIS HUSTON, NEIL DIBIASE, DOUG PHILLIPS, MARK BEATY, KENNETH HULME, KIMBERLY HULME, and JAY VILHAUER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR SALES, U.S.A., Inc.<br><br>Defendant. | Case No.<br><br>CLASS ACTION COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Upon personal knowledge as to their own acts, and based upon their investigation, the investigation of counsel, and information and belief as to all other matters, Plaintiffs Richard DeLuca, Antonius Tran, Richard Wagner, Jedediah Clawson, Lonnie Birchfield, Jonathan Pool, Suzanne Hakes, Brad Ramaekers, Paul McPhie, Angelo Markatos, Domenico Colabraro, Kirk Arellano, Sarah Kessler, Adolfo Muccillo, Curtis Huston, Neil DiBiase, Doug Phillips, Mark Beaty, Ken Hulme, Kimberly Hulme, and Jay Vilhauer (together, "Plaintiffs"), on behalf of themselves and all others similarly situated, allege as follows:

## INTRODUCTION

1. This is a class action brought on behalf of purchasers and lessees of 2019 Toyota RAV4 Hybrid vehicles and 2020 Toyota RAV4 Hybrid vehicles (the "RAV4s").

2. Defendant Toyota Motor Sales, U.S.A., Inc. ("Toyota") is a manufacturer and distributor of new motor vehicles. Toyota markets and advertises the RAV4s, oversees Toyota dealers, and develops the company's nationwide marketing and informational materials.

3. As alleged herein, Toyota advertises and represents in its promotional materials, specifications, and owner's manual that the RAV4's fuel tank capacity is 14.5 gallons. Toyota further represents and warrants that the RAV4s' total mileage range is 580 miles. However, Toyota failed to disclose that, in fact, the RAV4s will not accept a full tank of fuel. News reports, customer complaints, and Toyota's own statements indicate that the RAV4s' fuel tank shape prevents a full fuel tank refill *by up to several gallons*. As a result, the RAV4s fail to meet Toyota's mileage range specifications. Despite this widespread defect, Toyota has not announced a recall of the RAV4 vehicles and continues to sell them to the public.

4. In deciding to purchase or lease their RAV4s, Plaintiffs believed and relied on statements made by Toyota regarding the RAV4s' fuel tank capacity. However, Plaintiffs' vehicles will not accept full tanks of fuel, even when the fuel gauge indicates that the tank is nearly empty. Furthermore, according to the calculations provided by Plaintiffs' vehicles, the vehicles' mileage range on a full tank of fuel is approximately 330-480 miles, at least 100 miles fewer than the estimated 580 mileage range advertised by Toyota.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

5.     Plaintiffs and the Classes (as defined below) have suffered diminished market value of their RAV4 vehicles as a direct result of Toyota withholding material information and/or making misleading statements regarding the RAV4's fuel tank capacity and mileage range. Plaintiffs herein seek relief under the laws of California, Florida, Iowa, Idaho, Michigan, Missouri, Nebraska, Nevada, New Hampshire, New Jersey, New York, Ohio, Oregon, Pennsylvania, Texas, Virginia, and Washington.

**PARTIES**

6.     Plaintiff Richard DeLuca is a citizen of California. Plaintiff DeLuca purchased a 2019 Toyota RAV4 Hybrid on September 27, 2019 from Longo Toyota located at 3534 N. Peck Road, El Monte, California 91731. In deciding to purchase his RAV4 vehicle, Plaintiff DeLuca believed and relied upon Toyota's statements that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4's mileage estimate was 41 MPG for city driving and 38 MPG for highway driving, for a combined 40 MPG rating. These MPG representations were prominently listed on the RAV4's "Monroney" sticker—the new car sticker displayed in the RAV4's window—which Plaintiff DeLuca viewed and relied upon prior to purchasing the vehicle. Based on these representations by Toyota, Plaintiff DeLuca believed and relied upon the calculation that the RAV4's mileage range was approximately 580 miles. These statements and representations were material to Plaintiff DeLuca. Shortly after purchasing his RAV4, Plaintiff DeLuca discovered that the vehicle will only accept approximately 9-10 gallons of fuel when the tank is nearly empty, far less than the advertised 14.5 gallon tank should accept. As a result, Plaintiff DeLuca's mileage range is significantly less than 580 miles. When Plaintiff DeLuca attempted to slowly fill his fuel tank to reach the advertised 14.5 gallon capacity, the fuel spilled over and splashed back, creating serious environmental and safety hazards. Plaintiff DeLuca reported his fuel tank issue to Toyota on December 23, 2019. Toyota has not offered to repair or replace Plaintiff DeLuca's RAV4, or otherwise offered any refund or other remedy.

7.     Plaintiff Antonius Tran is a citizen Florida. Plaintiff Tran purchased a 2020 Toyota RAV4 Hybrid on January 25, 2020 from Wesley Chapel Toyota located at 5300 Eagleston Blvd., Wesley Chapel, Florida 33544. In deciding to purchase his RAV4 vehicle, Plaintiff Tran believed

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

and relied upon Toyota's statements that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4's mileage estimate was 41 MPG for city driving and 38 MPG for highway driving, for a combined 40 MPG rating. These MPG representations were prominently listed on the RAV4's "Monroney" sticker—the new car sticker displayed in the RAV4's window—which Plaintiff Tran viewed and relied upon prior to purchasing the vehicle. Based on these representations by Toyota, Plaintiff Tran believed and relied upon the calculation that the RAV4's mileage range was approximately 580 miles. These statements and representations were material to Plaintiff Tran. Shortly after purchasing his RAV4, Plaintiff Tran discovered that the vehicle will only accept approximately 11 gallons of fuel when the tank is nearly empty, far less than the advertised 14.5 gallon tank should accept. As a result, Plaintiff Trans's mileage range is approximately 450 miles— significantly less than 580 miles, as advertised. Plaintiff Tran reported his fuel tank issue to Wesley Chapel Toyota on January 26, 2020. Toyota has not offered to repair or replace Plaintiff Tran's RAV4, or otherwise offered any refund or other remedy.

8.       Plaintiff Richard Wagner is a citizen of Iowa. Plaintiff Wagner leased a 2019 Toyota RAV4 Hybrid on April 22, 2019 from Toyota of Iowa City located at 1445 Highway 1 West, Iowa City, Iowa 52246. In deciding to lease his RAV4 vehicle, Plaintiff Wagner believed and relied upon Toyota's statements that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4's mileage estimate was 41 MPG for city driving and 38 MPG for highway driving, for a combined 40 MPG rating. These MPG representations were prominently listed on the RAV4's "Monroney" sticker—the new car sticker displayed in the RAV4's window—which Plaintiff Wagner viewed and relied upon prior to leasing the vehicle. Based on these representations by Toyota, Plaintiff Wagner believed and relied upon the calculation that the RAV4's mileage range was approximately 580 miles. These statements and representations were material to Plaintiff Wagner. Shortly after leasing his RAV4, Plaintiff Wagner discovered that the vehicle will only accept approximately 10.7 gallons of fuel when the tank is nearly empty, far less than the advertised 14.5 gallon tank should accept. As a result, Plaintiff Wagner's mileage range is approximately 350-425 miles—significantly less than 580 miles, as advertised. Plaintiff Wagner reported his fuel tank issue to Toyota on

1    December 18, 2019. Toyota has not offered to repair or replace Plaintiff Wagner's RAV4, or

2    otherwise offered any refund or other remedy.

3        9.      Plaintiff Jedediah Clawson is a citizen of Idaho. Plaintiff Clawson purchased a 2019

4    Toyota RAV4 Hybrid on May 29, 2019 from Peterson Toyota located at 9101 W. Fairview Ave.,

5    Boise, Idaho 83704. In deciding to purchase his RAV4 vehicle, Plaintiff Clawson believed and

6    relied upon Toyota's statements that the RAV4's fuel tank capacity was 14.5 gallons and that the

7    RAV4's mileage estimate was 41 MPG for city driving and 38 MPG for highway driving, for a

8    combined 40 MPG rating. These MPG representations were prominently listed on the RAV4's

9    "Monroney" sticker—the new car sticker displayed in the RAV4's window—which Plaintiff

10   Clawson viewed and relied upon prior to purchasing the vehicle. Based on these representations by

11   Toyota, Plaintiff Clawson believed and relied upon the calculation that the RAV4's mileage range

12   was approximately 580 miles. These statements and representations were material to Plaintiff

13   Clawson. Shortly after purchasing his RAV4, Plaintiff Clawson discovered that the vehicle will not

14   accept a full tank of fuel. As a result, Plaintiff Clawson's mileage range is significantly less than 580

15   miles.

16       10.     Plaintiff Lonnie Birchfield is a citizen of Michigan. Plaintiff Birchfield purchased a

17   2019 Toyota RAV4 Hybrid on January 24, 2020 from Fox Toyota located at 773 South Rochester

18   Road, Rochester Hills, Michigan 48307. In deciding to purchase his RAV4 vehicle, Plaintiff

19   Birchfield believed and relied upon Toyota's statements that the RAV4's fuel tank capacity was

20   14.5 gallons and that the RAV4's mileage estimate was 41 MPG for city driving and 38 MPG for

21   highway driving, for a combined 40 MPG rating. These MPG representations were prominently

22   listed on the RAV4's "Monroney" sticker—the new car sticker displayed in the RAV4's

23   window—which Plaintiff Birchfield viewed and relied upon prior to purchasing the vehicle. In

24   addition, a sales representative at Fox Toyota informed Plaintiff Birchfield that the RAV4's

25   mileage range was 580 miles. The RAV4's advertised mileage range was the most important factor

26   in Plaintiff Birchfield's decision to purchase the RAV4. Plaintiff Birchfield believed and relied upon

27   Toyota's statements that RAV4's mileage range was approximately 580 miles. These statements

28   and representations were material to Plaintiff Birchfield. Shortly after purchasing his RAV4,

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Plaintiff Birchfield discovered that the vehicle will only accept approximately 8 gallons of fuel when the tank is approximately one-quarter full, far less than the advertised 14.5 gallon tank should accept. As a result, Plaintiff Birchfield's mileage range is approximately 385 miles—significantly less than the 580 mileage range advertised by Toyota. Plaintiff Birchfield reported his fuel tank issue to Toyota on February 10, 2019. Toyota has not offered to repair or replace Plaintiff Birchfield's RAV4, or otherwise offered any refund or other remedy.

11.     Plaintiff Jonathan Pool is a citizen of Missouri. Plaintiff Pool purchased a 2019 Toyota RAV4 Hybrid on September 14, 2019 from Weiss Toyota located at 11771 Tesson Ferry Road, St. Louis, Missouri 63128. In deciding to purchase his RAV4 vehicle, Plaintiff Pool believed and relied upon Toyota's statements that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4's mileage estimate was 41 MPG for city driving and 38 MPG for highway driving, for a combined 40 MPG rating. These MPG representations were prominently listed on the RAV4's "Monroney" sticker—the new car sticker displayed in the RAV4's window—which Plaintiff Pool viewed and relied upon prior to purchasing the vehicle. The RAV4's 580 mileage range was the most important factor in Plaintiff Pool's decision to purchase the RAV4. Based on Toyota's representations, Plaintiff Pool believed and relied upon the calculation that the RAV4's mileage range was approximately 580 miles. These statements and representations were material to Plaintiff Pool. Shortly after purchasing his RAV4, Plaintiff Pool discovered that the vehicle will only accept approximately 10 gallons of fuel when the tank is nearly at empty, far less than the advertised 14.5 gallon tank should accept. As a result, Plaintiff Pool's mileage range is approximately 420 miles—significantly less than the 580 mileage range advertised by Toyota. Plaintiff Pool reported his fuel tank issue to Toyota in or about the fall of 2019. Toyota has not offered to repair or replace Plaintiff Pool's RAV4, or otherwise offered any refund or other remedy.

12.     Plaintiff Suzanne Hakes is a citizen of North Carolina. Plaintiff Hakes purchased a 2019 Toyota RAV4 Hybrid in Raleigh, North Carolina. In deciding to purchase her RAV4 vehicle, Plaintiff Hakes believed and relied upon Toyota's statements that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4's mileage estimate was 41 MPG for city driving and 38 MPG for highway driving, for a combined 40 MPG rating. These MPG representations were prominently

listed on the RAV4's "Monroney" sticker—the new car sticker displayed in the RAV4's window—which Plaintiff Hakes viewed and relied upon prior to purchasing the vehicle. Based on these representations by Toyota, Plaintiff Hakes believed and relied upon the calculation that the RAV4's mileage range was approximately 580 miles. These statements and representations were material to Plaintiff Hakes and an important factor in her decision to purchase the RAV4. Shortly after purchasing her RAV4, Plaintiff Hakes discovered that the vehicle will not accept a full tank of fuel. As a result, Plaintiff Hakes's mileage range is significantly less than 580 miles.

13. Plaintiff Brad Ramaekers is a citizen of Nebraska. Plaintiff Ramaekers purchased a Toyota RAV4 Hybrid in or about the spring of 2019. In deciding to purchase his RAV4 vehicle, Plaintiff Ramaekers believed and relied upon Toyota's statements that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4's mileage estimate was 41 MPG for city driving and 38 MPG for highway driving, for a combined 40 MPG rating. These MPG representations were prominently listed on the RAV4's "Monroney" sticker—the new car sticker displayed in the RAV4's window—which Plaintiff Ramaekers viewed and relied upon prior to purchasing the vehicle. Based on these representations by Toyota, Plaintiff Ramaekers believed and relied upon the calculation that the RAV4's mileage range was approximately 580 miles. These statements and representations were material to Plaintiff Ramaekers. Shortly after purchasing his RAV4, Plaintiff Ramaekers discovered that the vehicle not accept a full tank of fuel. As a result, Plaintiff Ramaekers's mileage range is approximately 400 miles—significantly less than 580 miles range advertised by Toyota. Plaintiff Ramaekers reported his fuel tank issue to Toyota. Toyota has not offered to repair or replace Plaintiff Ramaekers's RAV4, or otherwise offered any refund or other remedy.

14. Plaintiff Paul McPhie is a citizen of New Hampshire. Plaintiff McPhie purchased a 2019 Toyota RAV4 Hybrid on May 9, 2019 from Toyota Volvo of Keene located at 591 Monadnock Highway, East Swanzey, New Hampshire 03446. In deciding to purchase his RAV4 vehicle, Plaintiff McPhie believed and relied upon Toyota's statements that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4's mileage estimate was 41 MPG for city driving and 38 MPG for highway driving, for a combined 40 MPG rating. These MPG representations were prominently

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

listed on the RAV4's "Monroney" sticker—the new car sticker displayed in the RAV4's window—which Plaintiff McPhie viewed and relied upon prior to purchasing the vehicle. Based on these representations by Toyota, Plaintiff McPhie believed and relied upon the calculation that the RAV4's mileage range was approximately 580 miles. These statements and representations were material to Plaintiff McPhie. Shortly after purchasing his RAV4, Plaintiff McPhie discovered that the vehicle will only accept approximately 10 gallons of fuel when the tank is nearly empty, far less than the advertised 14.5 gallon tank should accept. As a result, Plaintiff McPhie's mileage range is approximately 430 miles—significantly less than the 580 miles advertised by Toyota. Plaintiff McPhie reported his fuel tank issue to Toyota, as well as to his Toyota service provider, Fenton Family Dealerships located at 591 Monadnock Highway Route 12, East Swanzey, New Hampshire 03446. On September 27, 2019, Fenton Family Dealership informed Plaintiff McPhie via service invoice that "Toyota is aware of the issue and has a remedy under development." Toyota has not offered to repair or replace Plaintiff McPhie's RAV4, or otherwise offered any refund or other remedy.

15.     Plaintiff Angelo Markatos is a citizen of New Jersey. Plaintiff Markatos purchased a 2019 Toyota RAV4 Hybrid on April 30, 2019 from Shore Toyota located at 4236 Black Horse Pike, Mays Landing, New Jersey 08330. In deciding to purchase his RAV4 vehicle, Plaintiff Markatos believed and relied upon Toyota's statements that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4's mileage estimate was 41 MPG for city driving and 38 MPG for highway driving, for a combined 40 MPG rating. These MPG representations were prominently listed on the RAV4's "Monroney" sticker—the new car sticker displayed in the RAV4's window—which Plaintiff Markatos viewed and relied upon prior to purchasing the vehicle. Based on these representations by Toyota, Plaintiff Markatos believed and relied upon the calculation that the RAV4's mileage range was approximately 580 miles. These statements and representations were material to Plaintiff Markatos. Shortly after purchasing his RAV4, Plaintiff Markatos discovered that the vehicle will only accept approximately 8 gallons of fuel when the tank is nearly empty, far less than the advertised 14.5 gallon tank should accept. As a result, Plaintiff Markatos's mileage range is approximately 380 miles—significantly less than the 580 miles advertised by Toyota.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Plaintiff Markatos reported his fuel tank issue to Toyota, as well as his to Toyota service provider, Gateway Toyota located at 395 Route 37 E, Toms River, New Jersey 08753. On December 6, 2019, Gateway Toyota informed Plaintiff Markatos via service invoice that "Toyota is aware of this concern. No repair available at this time." Toyota has not offered to repair or replace Plaintiff Markatos's RAV4, or otherwise offered any refund or other remedy.

16.     Plaintiff Domenico Colabraro is a citizen of New Jersey. Plaintiff Colabraro purchased a 2019 Toyota RAV4 Hybrid on December 28, 2019 from DCH Freehold Toyota located at 4268 Route 9 South, Freehold, New Jersey 07728. In deciding to purchase his RAV4 vehicle, Plaintiff Colabraro believed and relied upon Toyota's statements that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4's mileage estimate was 41 MPG for city driving and 38 MPG for highway driving, for a combined 40 MPG rating. These MPG representations were prominently listed on the RAV4's "Monroney" sticker—the new car sticker displayed in the RAV4's window—which Plaintiff Colabraro viewed and relied upon prior to purchasing the vehicle. Based on these representations by Toyota, Plaintiff Colabraro believed and relied upon the calculation that the RAV4's mileage range was approximately 580 miles. These statements and representations were material to Plaintiff Colabraro. Shortly after purchasing his RAV4, Plaintiff Colabraro discovered that the vehicle will not accept a full tank of fuel. As a result, Plaintiff Colabraro's mileage range is approximately 440-480 miles, significantly less than 580 miles.

17.     Plaintiff Kirk Arellano is a citizen of Nevada. Plaintiff Arellano purchased a 2019 Toyota RAV4 Hybrid on May 3, 2019 from Dolan Toyota located at 2100 Kietzke Lane, Reno, Nevada 89502. In deciding to purchase his RAV4 vehicle, Plaintiff Arellano believed and relied upon Toyota's statements that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4's mileage estimate was 41 MPG for city driving and 38 MPG for highway driving, for a combined 40 MPG rating. These MPG representations were prominently listed on the RAV4's "Monroney" sticker—the new car sticker displayed in the RAV4's window—which Plaintiff Arellano viewed and relied upon prior to purchasing the vehicle. Based on these representations by Toyota, Plaintiff Arellano believed and relied upon the calculation that the RAV4's mileage range was approximately 580 miles. These statements and representations were material to Plaintiff Arellano.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Shortly after purchasing his RAV4, Plaintiff Arellano discovered that the vehicle will only accept approximately 9 gallons of fuel when the tank is nearly empty, far less than the advertised 14.5 gallon tank should accept. As a result, Plaintiff Arellano's mileage range is approximately 350 miles—significantly less than the 580 miles advertised by Toyota. Plaintiff Arellano reported his fuel tank issue to Toyota, as well as to his Toyota service provider, Dolan Toyota. On December 5, 2019, Dolan Toyota informed Plaintiff Arellano via service invoice that "Issue is under investigation with Toyota no fix at this time." Toyota has not offered to repair or replace Plaintiff Arellano's RAV4, or otherwise offered any refund or other remedy.

18.     Plaintiff Sarah Kessler is a citizen of New York. Plaintiff Kessler purchased a 2020 Toyota RAV4 Hybrid in December 2019. In deciding to purchase her RAV4 vehicle, Plaintiff Kessler believed and relied upon Toyota's statements that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4's mileage estimate was 41 MPG for city driving and 38 MPG for highway driving, for a combined 40 MPG rating. These MPG representations were prominently listed on the RAV4's "Monroney" sticker—the new car sticker displayed in the RAV4's window—which Plaintiff Kessler viewed and relied upon prior to purchasing the vehicle. Based on these representations by Toyota, Plaintiff Kessler believed and relied upon the calculation that the RAV4's mileage range was approximately 580 miles. These statements and representations were material to Plaintiff Kessler. Shortly after purchasing her RAV4, Plaintiff Kessler discovered that the vehicle will only accept approximately 9-10 gallons of fuel when the tank is nearly empty, far less than the advertised 14.5 gallon tank should accept. As a result, Plaintiff Kessler's mileage range is approximately 380 miles—significantly less than the 580 miles advertised by Toyota.

19.     Plaintiff Adolfo Muccillo is a citizen of Ohio. Plaintiff Muccillo purchased a 2019 Toyota RAV4 Hybrid on April 17, 2019 from Kings Toyota located at 4700 Fields Ertel Road, Cincinnati, Ohio 45249. In deciding to purchase his RAV4 vehicle, Plaintiff Muccillo believed and relied upon Toyota's statements that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4's mileage estimate was 41 MPG for city driving and 38 MPG for highway driving, for a combined 40 MPG rating. These MPG representations were prominently listed on the RAV4's "Monroney" sticker—the new car sticker displayed in the RAV4's window—which Plaintiff

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Muccillo viewed and relied upon prior to purchasing the vehicle. Based on these representations by Toyota, Plaintiff Muccillo believed and relied upon the calculation that the RAV4's mileage range was approximately 580 miles. These statements and representations were material to Plaintiff Muccillo and an important factor in his decision to purchase the RAV4. Shortly after purchasing his RAV4, Plaintiff Muccillo discovered that the vehicle will only accept approximately 9-10 gallons of fuel when the tank is nearly empty, far less than the advertised 14.5 gallon tank should accept. As a result, Plaintiff Muccillo's mileage range is approximately 330-385 miles—significantly less than the 580 miles advertised by Toyota. Plaintiff Muccillo reported his fuel tank issue to Kings Toyota in October 2019. Toyota has not offered to repair or replace Plaintiff Muccillo's RAV4, or otherwise offered any refund or other remedy.

20.     Plaintiff Curtis Huston is a citizen of Oregon. Plaintiff Huston leased a 2019 Toyota RAV4 Hybrid in April 2019 from Toyota of Gladstone located at 19375 Southeast McLoughlin Blvd., Gladstone, Oregon 97027. In deciding to lease his RAV4 vehicle, Plaintiff Huston believed and relied upon Toyota's statements that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4's mileage estimate was 41 MPG for city driving and 38 MPG for highway driving, for a combined 40 MPG rating. These MPG representations were prominently listed on the RAV4's "Monroney" sticker—the new car sticker displayed in the RAV4's window—which Plaintiff Huston viewed and relied upon prior to leasing the vehicle. Based on these representations by Toyota, Plaintiff Huston believed and relied upon the calculation that the RAV4's mileage range was approximately 580 miles. These statements and representations were material to Plaintiff Huston. Shortly after leasing his RAV4, Plaintiff Huston discovered that the vehicle will not accept a full tank of fuel. As a result, Plaintiff Huston's mileage range is significantly less than 580 miles.

21.     Plaintiff Neil DiBiase is a citizen of Pennsylvania. Plaintiff DiBiase purchased a 2019 Toyota RAV4 Hybrid on May 22, 2019 from North Hills Toyota located at 7401 McKnight Road, Pittsburgh, Pennsylvania 15237. In deciding to purchase his RAV4 vehicle, Plaintiff DiBiase believed and relied upon Toyota's statements that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4's mileage estimate was 41 MPG for city driving and 38 MPG for highway driving, for a combined 40 MPG rating. These MPG representations were prominently listed on

the RAV4's "Monroney" sticker—the new car sticker displayed in the RAV4's window—which Plaintiff DiBiase viewed and relied upon prior to purchasing the vehicle. Based on these representations by Toyota, Plaintiff DiBiase believed and relied upon the calculation that the RAV4's mileage range was approximately 580 miles. These statements and representations were material to Plaintiff DiBiase. Shortly after purchasing his RAV4, Plaintiff DiBiase discovered that the vehicle will not accept a full tank of fuel. As a result, Plaintiff DiBiase's mileage range is approximately 370 miles—significantly less than the 580 miles advertised by Toyota.

22. Plaintiff Doug Phillips is a citizen of Pennsylvania. Plaintiff Phillips purchased a 2019 Toyota RAV4 Hybrid on July 22, 2019 from Cochran Toyota located at 12204 Route 30, North Huntingdon, Pennsylvania 15642. In deciding to purchase his RAV4 vehicle, Plaintiff Phillips believed and relied upon Toyota's statements that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4's mileage estimate was 41 MPG for city driving and 38 MPG for highway driving, for a combined 40 MPG rating. These MPG representations were prominently listed on the RAV4's "Monroney" sticker—the new car sticker displayed in the RAV4's window—which Plaintiff Phillips viewed and relied upon prior to purchasing the vehicle. Based on these representations by Toyota, Plaintiff Phillips believed and relied upon the calculation that the RAV4's mileage range was approximately 580 miles. These statements and representations were material to Plaintiff Phillips. Shortly after purchasing his RAV4, Plaintiff Phillips discovered that the vehicle will not accept a full tank of fuel. As a result, Plaintiff Phillips's mileage range is approximately 350-375 miles—significantly less than the 580 miles advertised by Toyota. Plaintiff Phillips reported his fuel tank issue to Cochran Toyota. Toyota has not offered to repair or replace Plaintiff Phillips's RAV4, or otherwise offered any refund or other remedy.

23. Plaintiff Mark Beaty is a citizen of Texas. Plaintiff Beaty purchased a 2019 Toyota RAV4 Hybrid in October 2019 from Toyota of Rockwall located at 1250 East I 30, Rockwall Texas 75087. In deciding to purchase his RAV4 vehicle, Plaintiff Beaty believed and relied upon Toyota's statements that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4's mileage estimate was 41 MPG for city driving and 38 MPG for highway driving, for a combined 40 MPG rating. These MPG representations were prominently listed on the RAV4's "Monroney"

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

sticker—the new car sticker displayed in the RAV4's window—which Plaintiff Beaty viewed and relied upon prior to purchasing the vehicle. Based on these representations by Toyota, Plaintiff Beaty believed and relied upon the calculation that the RAV4's mileage range was approximately 580 miles. These statements and representations were material to Plaintiff Beaty and an important factor in his decision to purchase the RAV4. Shortly after purchasing his RAV4, Plaintiff Beaty discovered that the vehicle will only accept approximately 10 gallons of fuel when the tank is nearly empty, far less than the advertised 14.5 gallon tank should accept. As a result, Plaintiff Beaty's mileage range is approximately 450-480 miles—significantly less than the 580 miles advertised by Toyota. Plaintiff Beaty reported his fuel tank issue to Toyota and Toyota of Rockwall. Toyota has not offered to repair or replace Plaintiff Beaty's RAV4, or otherwise offered any refund or other remedy.

24.    Plaintiffs Kenneth and Kimberly Hulme are citizens of Virginia. Plaintiffs Kenneth and Kimberly Hulme co-purchased a 2019 Toyota RAV4 Hybrid on July 30, 2019 from Charles Barker Toyota located at 1877 Laskin Road, Virginia Beach, Virginia. In deciding to purchase their RAV4 vehicle, Plaintiffs Kenneth and Kimberly Hulme believed and relied upon Toyota's statements that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4's mileage estimate was 41 MPG for city driving and 38 MPG for highway driving, for a combined 40 MPG rating. These MPG representations were prominently listed on the RAV4's "Monroney" sticker—the new car sticker displayed in the RAV4's window—which Plaintiffs Kenneth and Kimberly Hulme viewed and relied upon prior to purchasing the vehicle. Based on these representations by Toyota, Plaintiffs Kenneth and Kimberly Hulme believed and relied upon the calculation that the RAV4's mileage range was approximately 580 miles. These statements and representations were material to Plaintiffs Kenneth and Kimberly Hulme and an important factor in their decision to purchase the RAV4. Shortly after purchasing their RAV4, Plaintiffs Kenneth and Kimberly Hulme discovered that the vehicle will not accept a full tank of fuel. As a result, Plaintiffs Kenneth and Kimberly Hulme's mileage range is approximately 375-385 miles— significantly less than the 580 miles advertised by Toyota. Plaintiffs Kenneth and Kimberly Hulme

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1   reported their fuel tank issue to Toyota. Toyota has not offered to repair or replace Plaintiffs

2   Kenneth and Kimberly Hulme's RAV4, or otherwise offered any refund or other remedy.

3        25.     Plaintiff Jay Vilhauer is a citizen of Washington State. Plaintiff Vilhauer purchased

4   a 2019 Toyota RAV4 Hybrid from Magic Toyota located at 21300 Highway 99, Edmonds,

5   Washington 98026. In deciding to purchase his RAV4 vehicle, Plaintiff Vilhauer believed and relied

6   upon Toyota's statements that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4's

7   mileage estimate was 41 MPG for city driving and 38 MPG for highway driving, for a combined 40

8   MPG rating. These MPG representations were prominently listed on the RAV4's "Monroney"

9   sticker—the new car sticker displayed in the RAV4's window—which Plaintiff Vilhauer viewed

10  and relied upon prior to purchasing the vehicle. Based on these representations by Toyota, Plaintiff

11  Vilhauer believed and relied upon the calculation that the RAV4's mileage range was

12  approximately 580 miles. These statements and representations were material to Plaintiff Vilhauer

13  and an important factor in his decision to purchase the RAV4. Shortly after purchasing his RAV4,

14  Plaintiff Vilhauer discovered that the vehicle will only accept approximately 8-9 gallons of fuel

15  when the tank is nearly empty, far less than the advertised 14.5 gallon tank should accept. As a

16  result, Plaintiff Vilhauer's mileage range is approximately 380 miles—significantly less than 580

17  miles advertised by Toyota. Plaintiff Vilhauer reported his fuel tank issue to Toyota, as well as to

18  his service provider, Magic Toyota. By service invoice dated October 28, 2019, Magic Toyota

19  informed Plaintiff Vilhauer that "This is a known issue and is currently under investigation by

20  Toyota engineers. There is no remedy for the issue available yet." Toyota has not offered to repair

21  or replace Plaintiff Vilhauer's RAV4, or otherwise offered any refund or other remedy.

22       26.     Defendant Toyota is a California corporation, with its corporate headquarters

23  located at 6565 Headquarters Drive, Plano, Texas 75024. Toyota also maintains an office within

24  this District at 2451 Bishop Drive, San Ramon, California 94583. Toyota is a manufacturer and

25  distributor of new motor vehicles under the Toyota brand. Toyota markets and advertises RAV4s

26  and oversees Toyota dealers, regulatory compliance, and warranty services of Toyota-brand

27  vehicles through a network of dealers throughout the United States. Toyota develops the

28  company's nationwide marketing materials and supervises deal marketing. Toyota also creates and

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

distributes the warranties, owner manuals, and other written materials that accompany the sale and lease of RAV4s and other Toyota-branded vehicles throughout the United States.

## JURISDICTION AND VENUE

27.     This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because at least one class member is a citizen of a state other than that of Toyota, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

28.     This Court has personal jurisdiction over Toyota pursuant 18 U.S.C. § 1965(a) because Toyota is a California corporation and resides, is found, has an agent, and transacts its affairs in this District.

29.     This Court has personal jurisdiction over Plaintiffs because Plaintiffs submit to the Court's jurisdiction.

30.     Venue is proper in this District under 28 U.S.C. § 1391 because Toyota maintains an office in this District, Toyota conducts substantial business in this District, Toyota has intentionally availed itself of the laws and markets of this District, and Toyota is subject to personal jurisdiction in this District.

## INTRADISTRICT ASSIGNMENT

31.     Toyota maintains a corporate office in the County of Contra Costa. As such, this action may be properly assigned to the San Francisco/Oakland division of this Court pursuant to Civil Local Rule 3-2(d).

## FACTUAL BACKGROUND

**Toyota's Marketing and Warranty of the RAV4**

32.     Toyota markets, advertises, warrants, and represents that the RAV4's fuel tank capacity is 14.5 gallons.[1]

33.     Toyota further markets, advertises, warrants, and represents that the RAV4's mileage estimate is 41 miles per gallon ("MPG") for city driving and 38 MPG for highway driving,

---

[1] https://www.toyota.com/rav4/2019/features/mpg/4444/4456/4454;
  https://www.toyota.com/rav4/features/mpg/4444/4456/4454

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1    for a combined rating of 40 MPG.[2]

2    34.     According to www.fueleconomy.gov, the U.S. Department of Energy's official

3    source for fuel economy information, the total combined mileage range for the RAV4 should be 580

4    miles (40 MPG x 14.5 gallons)[3]:



5

6

7

8

9

14   35.     The total city range for the RAV4 should be 594.5 miles (41 MPG x 14.5 gallons),

15   and the total highway range for the RAV4 should be 551 miles (38 MPG x 14.5 gallons).

16   36.     In its 2019 RAV4 brochure, Toyota prominently advertises that the RAV4's

17   estimated MPG is 40 MPG, accompanied by the statement, "Go farther. Go faster. The 2019

18   RAV4 Hybrid."[4]

19

20

21

22

23

24

25

26

27

28

[2] Id.
[3] https://www.fueleconomy.gov/feg/Find.do?action=sbs&id=41307&id=42187
[4] https://www.toyota.com/content/ebrochure/2019/rav4_ebrochure.pdf

CLASS ACTION COMPLAINT                    15

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220



37.     In its video advertisements, Toyota touts that RAV4 hybrid owners will visit the gas station less frequently than RAV4 owners.[5] A screenshot of one the advertisements is included below.

38.     In its video advertisements, Toyota also boasts that drivers will have "fewer trips to the pump."[6]

39.     According to Toyota's Owner's Manual, the fuel tank capacity for the RAV4 is 14.5

_____

[5] https://www.youtube.com/watch?v=7SuGid789Jw
[6] https://www.youtube.com/watch?v=L7cbOoJJUdE

gallons.[7] Furthermore, according to the Owner's Manual, when the low fuel level warning light illuminates on the RAV4, the remaining fuel in the vehicle is approximately 2.2 gallons or less.[8]

40.     As a basis of the bargain, Toyota provides RAV4 purchasers with an express warranty, which includes a "New Vehicle Limited Warranty" for a period of 36 months or 36,000 miles, whichever occurs first.[9] The New Vehicle Limited Warranty covers "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota."[10]

**Customer Complaints Regarding the RAV4 Fuel Tank Capacity**

41.     Plaintiffs' RAV4 fuel tanks will not fill to capacity, and fall several gallons short of the 14.5 gallon tank promised by Toyota. Although Toyota promised a 580-mileage range, Plaintiffs' actual range is approximately is 330-480 miles, at least 100 miles fewer than advertised. As a result, Plaintiffs spend more time refueling at the pump, despite Toyota's promises otherwise.

42.     Plaintiffs are not alone in their complaints. As of the date of this Class Action Complaint, more than 100 complaints have been filed with the National Highway Traffic Safety Administration ("NHTSA") regarding "fuel/propulsion system" issues with the 2019 RAV4. Each of these complaints alleges facts similar to Plaintiffs' allegations herein. For example, in NHTSA ID Number: 11290880, the consumer states:

> MY TANK WON'T FILL BEYOND 9-10 GALLONS - EVEN WHEN IT SAYS EMPTY - THOUGH THE FUEL TANK SIZE SHOULD BE 14.5. HOWEVER, THE TANK WAS AT MAX CAPACITY WHEN PURCHASED FROM THE DEALER.[11]

43.     In NHTSA ID Number: 11233443, the consumer states:

> FUEL TANK CAPACITY 14.5 GALLONS CAN ONLY BE FILLED TO 9.5 GALLONS WITHOUT AGGRESSIVE "TOPPING OFF". IN ORDER TO AVOID POSSIBLE

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

---

[7] https://www.toyota.com/t3Portal/document/om-s/OM0R010U/pdf/OM0R010U.pdf
  https://www.toyota.com/t3Portal/document/om-s/OM0R025U/pdf/OM0R025U.pdf
[8] *Id.*
[9] *Available at* https://www.toyota.com/t3Portal/document/omms-s/T-MMS-19RAV4/pdf/T-MMS-19RAV4.pdf
[10] *Id.*
[11] *Available at* https://www.nhtsa.gov/vehicle/2019/TOYOTA/RAV4%252520HYBRID#complaints

1   ENVIRONMENTAL HARM AND VEHICLE EMISSION CONTROL DAMAGE,
    TOPPING OFF NOT USED. HOWEVER, THIS LEAVES THE VEHICLE 5
2   GALLONS SHORT OF A FULL TANK (ABOUT 200 MILE RANGE LOSS)[12]

3

4   44.     In NHTSA ID Number 11229761, the consumer states:

5   THE FUEL SAYS EMPTY BUT ONLY TAKES 9 GALLONS ON A 14 GALLON
    TANK. THE DEALER SAID THAT WE ARE NOT THE ONLY ONES THIS IS
6   HAPPENING TO AND TOYOTA IS WORKING ON IT. MY SISTER-IN-LAW
    BOUGHT ONE A WEEK BEFORE US AND SHE IS HAVING THE SAME
7   PROBLEM.[13]

8

9   45.     In NHTSA ID Number 11222043, the consumer states:

10  FUEL TANK DOES NOT FILL UP TO FULL. RANGE ADVERTISED AS WELL
    OVER 500 MILES BUT USUAL RANGE AFTER FILL UP IN 400S.[14]

11

12  46.     Thousands of RAV4 owners have logged similar complaints on online forums and

13  discussions. For example, on cargurus.com, one owner states:

14  I bought a 2019 Toyota RAV4 Hybrid a couple months ago. I like it for the most
    part, but one of the primary reasons I bought it was for the advertised ~550 mile
15  range. However, every time I've put in a full tank, the "mile range" at the
    front dash shows around 430 miles.. I understand that the advertised may not be
16  exactly the same as real life, but a 100+ mile range difference seems
    quite excessive. Is this normal? Does anyone else have this problem?[15]

17

18  47.     The post received 80 responses, with numerous users posting complaints of the

19  same issue.

20  48.     Similarly, in a post on toyotanation.com, another RAV4 owner states:

21  Just went on a trip and put about 700 miles on my new RAV4 Hybrid. Started off
    and went to fill-up at local gas station. It auto shut-off a couple of times while
22  filling up so I thought the gas tank was full. Went about 70 miles and noticed the
    gas level was not reading full. When I filled up the next time…I knew the tank was
23  full as it went off full after 100 miles. My wife went to gas station while I was busy
    and filled up and said it was amazing that it only need 5 gallons (it was about at a
24  quarter tank) and again noticed the gas gauge was not at full after driving ~40

25

26

27  _____
    [12] *Id.*
28  [13] *Id.*
    [14] *Id.*
    [15] https://www.cargurus.com/Cars/Discussion-t84538_ds1038143

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

miles.

Is anyone else noticed any trouble getting a full tank of gas or am I special?[16]

49.     The post received 136 replies, many complaining of the same issue (*e.g.*, "I just had my first fill-up on a new 2019 [RAV4] Hybrid. I was able to get it full according to the gauge but the tank only took 9.5 gallons.").[17]

50.     Several RAV4 owners have even posted videos to youtube.com, filming their refuels. For instance, one owner filmed his refueling when his RAV4 fuel gauge indicated the tank was on empty. His RAV4 accepted 10 gallons of fuel, and its estimated range on the full tank was 471 miles.[18] The video received 90 comments, many RAV4 owners complaining of the same issue (*e.g.*, "Same thing.. First tank was used completely, drove almost 600 miles after leaving the dealership, after that 10 gallon fill-ups, the gauge shows full tank but I can barely get 370miles.").[19]

**Toyota Knew About the Fuel Tank Defect And Failed to Warn Purchasers and Lessees**

51.     At least as early November 5, 2019, Toyota knew about the RAV4's fuel tank and notified at least some Toyota service providers regarding the same.

52.     Toyota Tech Tip T-TT-0581-19, dated November 5, 2019, informed Toyota service providers that "Some 2019 model year RAV4 HV customers may be experiencing some concern related to fuel gauge reading less than full." Under "Recommendations," the Tech Tip advises "If the vehicle matches this condition, perform active test using Techstream to confirm fuel gauge operation. If OK, ***no repairs recommended at this time. Concern is under investigation***." (emphasis added.)

53.     Despite Toyota's knowledge of the fuel tank defect, it failed to issue any statement to purchasers or lessees of the RAV4s, and furthermore failed to disclose the known defect to purchasers or lessees prior to their lease or purchase of the vehicles.

**In Response to News Reports Regarding the Fuel Tank Issue, Toyota Admits Defect**

54.     *Automotive News* published an article on December 22, 2019, titled "Pain at the pump for some RAV4 Hybrid owners," reporting that RAV4 owners have complained that

---

[16] https://www.toyotanation.com/threads/cant-seem-get-a-full-tank-of-gas.1654530/
[17] *Id.*
[18] https://www.youtube.com/watch?v=okZb_-NbIC8
[19] *Id.*

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

"they're unable to put more than about 11 gallons of gasoline in the 14.5-gallon tanks. Not occasionally but always. The result: The crossover, which boasts a fuel economy rating of 41 city/ 38 highway/40 mpg combined, doesn't get anywhere close to its 580 miles of expected range."[20]

55.     According to the article, in a statement to *Automotive News*, Toyota confirmed that it is "investigating a fuel tank shape issue on certain RAV4 Hybrid vehicles. In these cases, ***variations in fuel tank shape may prevent a full refill by up to several gallons. This condition may impact the vehicle's total available driving distance.*** As a best practice, customers should refuel before or when the low fuel light illuminates, to prevent running out of fuel."[21] (emphasis added.) Toyota dealers similarly reported to *Automotive News* that "they were aware of the issue."[22]

56.     *Automotive News* reports that when Toyota redesigned the RAV4 for the 2019 model year, Toyota changed the design of its fuel tank from "a longitudinal 14.8-gallon tank roughly shaped like a Native American papoose to a latitudinal, saddle-shaped design with 14.5-gallon capacity, according to parts diagrams."[23]

57.     On February 6, 2020, KDFW Fox 4 local news in North Texas aired a "Consumer Alert: Gas tank design flaw" report detailing complaints by RAV4 purchasers throughout the country.  According to the report, "[o]n Toyota message boards there are hundreds of complaints from consumers, and the National Highway Traffic Safety Administration listed more than 100 fuel tank related complaints about the RAV4 Hybrid at the time of this report all making the same claim that the gas tank on the redesigned 2019 RAV4 hybrid just won't fill. Drivers say that means more trips to the gas station and shorter driving distance range on a full tank despite Toyota's ads for the car which say just the opposite."[24]

58.     When asked by KDFW Fox 4 local news for comment, Toyota acknowledged the issue with the following statement:

Schubert Jonckheer & Kolbe LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

---

[20] *Available at* https://www.autonews.com/design/pain-pump-some-rav4-hybrid-owners
[21] *Id.* (emphasis added)
[22] *Id.*
[23] *Id.*
[24] https://www.fox4news.com/news/consumer-alert-gas-tank-design-flaw

As part of our commitment to quality and customer satisfaction, Toyota monitors available information in the field and takes appropriate action to help address issues when they arise. Toyota is currently investigating a potential fuel tank shape issue on certain RAV4 Hybrid vehicles. Based on our ongoing investigation, we believe variations in fuel tank shape may prevent a full refill by up to several gallons, potentially impacting the vehicle's total available driving distance. As a best practice, customers should refuel before or when the low fuel light illuminates, to prevent running out of fuel.[25]

59.     On February 13, 2019, KDFW Fox 4 local news aired a follow-up segment, reporting that Toyota would offer RAV4 owners an "interim fix" for the fuel tank issues until a final remedy is identified.[26] According to the report, Toyota "is now offering to install a replacement tank on 2019 and 2020 model year RAV4 Hybrids."[27] The interim fix, however, is an insufficient remedy. According to Toyota, replacing the fuel tank "***may not prevent the condition from recurring.***"[28] (emphasis added.) Toyota's full statement to KDFW Fox 4 local news is included below.

Toyota takes customer concerns seriously.  Toyota has received customer reports of certain 2019 and 2020 RAV4 Hybrid vehicle fuel gauges displaying less than full and/or total fuel dispensed is less than expected, when the fuel nozzle automatically clicks off. Some customer reports have also noted the "Distance to Empty" shown on the multi-information display is less than expected.

Based on our ongoing investigation, Toyota believes these conditions to be primarily related to a variation in the fuel tank shape.  As indicated in the owner's manual, customers should still refuel when the low fuel light illuminates, and when refueling, customers should not "top off" the fuel tank.

While we investigate this issue, Toyota has an interim option available until a final remedy is identified. We recommend customers who have a concern visit a Toyota dealer.  Toyota's Customer Experience Center at 1-800-331-4331 is also available to answer questions.

Until a final remedy is identified, the interim option is to install a replacement tank. Based on our ongoing investigation, replacing the fuel tank may mitigate these concerns, although it may not prevent the condition from reoccurring."

If you are the owner of a 2019 or 2020 RAV4 Hybrid and would like to try this option, you should visit your local dealer or call Toyota's customer experience center at 1-800-331-4331.[29]

Schubert Jonckheer & Kolbe LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

---

[25] *Id.*
[26] https://www.fox4news.com/news/toyota-offers-interim-fix-for-rav4-hybrid-gas-tank-concerns
[27] *Id.*
[28] *Id.*
[29] *Id.*

1

2

**CLASS ACTION ALLEGATIONS**

60.     Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(a) on behalf

of themselves and proposed defined as follows:

All persons who purchased or leased a RAV4 in the United States (the "Nationwide Class").

61.     Within the Nationwide Class, there are nineteen Subclasses defined as follows:

All persons who purchased or leased a RAV4 in California (the "California Class")

All persons who purchased or leased a RAV4 in Florida (the "Florida Class")

All persons who purchased or leased a RAV4 in Iowa (the "Iowa Class")

All persons who purchased or leased a RAV4 in Idaho (the "Idaho Class")

All persons who purchased or leased a RAV4 in Michigan (the "Michigan Class")

All persons who purchased or leased a RAV4 in Missouri (the "Missouri Class")

All persons who purchased or leased a RAV4 in Nebraska (the "Nebraska Class")

All persons who purchased or leased a RAV4 in Nevada (the "Nevada Class")

All persons who purchased or leased a RAV4 in New Hampshire (the "New Hampshire Class")

All persons who purchased or leased a RAV4 in New Jersey (the "New Jersey Class")

All persons who purchased or leased a RAV4 in New York (the "New York Class")

All persons who purchased or leased a RAV4 in North Carolina (the "North Carolina Class")

All persons who purchased or leased a RAV4 in Ohio (the "Ohio Class")

All persons who purchased or leased a RAV4 in Oregon (the "Oregon Class")

All persons who purchased or leased a RAV4 in Pennsylvania (the "Pennsylvania Class")

All persons who purchased or leased a RAV4 in Texas (the "Texas Class")

All persons who purchased or leased a RAV4 in Virginia (the "Virginia Class")

All persons who purchased or leased a RAV4 in Washington (the "Washington Class")

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

62.     Within the California Class, there is one subclass for purposes of Plaintiffs' claims under the Song-Beverly Consumer Warranty Act and the Consumer Legal Remedies Act (the "California Subclass"). The proposed California Subclass is defined as follows:

> All persons who purchased or leased a RAV4 for personal or family purposes.

63.     Excluded from the Nationwide Class and Subclasses are governmental entities, Toyota, any entity in which Toyota has a controlling interest, and Toyota's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Nationwide Class and Subclasses are any judges, justices, or judicial officers presiding over this matter and the members of their immediate families and judicial staff. This action is brought and may be properly maintained as a class action pursuant to Federal Rule of Civil Procedures 23(b)(2) and 23(b)(3), and satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these rules.

64.     ***Numerosity Under Rule 23(a)(1).***     The Class is so numerous that the individual joinder of all members is impracticable, and the disposition of the claims of all Class members in a single action will provide substantial benefits to the parties and the Court. Plaintiffs, on information and belief, allege that the Nationwide Class includes over 100,000 persons and the Subclasses include thousands of persons.

65.     ***Commonality Under Rule 23(a)(2).***     Common legal and factual questions exist that predominate over any questions affecting only individual members.   These common questions, which do not vary among Nationwide Class or Subclass members and which may be determined without reference to any Nationwide Class or Subclass member's individual circumstances, include, but are not limited to:

a)     Whether Toyota owed a duty of care to the Nationwide Class and Subclasses;

b)     Whether Toyota knew or should have known that the RAV4 fuel tank does not fill to the advertised 14.5-gallon capacity;

c)     Whether Toyota knew or should have known that the RAV4's mileage range is less than the advertised 580 miles;

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

d)       Whether Toyota advertised, represented, or marketed, or continues to advertise, represent, or market, that the RAV4's fuel tank capacity is 14.5 gallons and mileage range is 580 miles;

e)       Whether Toyota's representations and omissions in RAV4 advertising, specifications, and/or informational materials are false, deceptive, and misleading;

f)       Whether Toyota's representations and omissions in RAV4 advertising, specifications, and/or informational materials are likely to deceive a reasonable consumer;

g)       Whether Toyota had knowledge that its representations and omissions in advertising, specifications, and/or informational materials were false, deceptive, and misleading;

h)       Whether Toyota's representation that the RAV4's fuel tank capacity is 14.5 gallons, coupled with omissions that the RAV4's fuel tank does not fill to capacity, is material to a reasonable consumer;

i)       Whether Toyota's representation that the RAV4's mileage range is 580 miles, coupled with omissions that the RAV4's mileage range is significantly less than 580 miles, is material to a reasonable consumer;

j)       Whether Toyota engaged in unlawful, fraudulent, or unfair business practices;

k)       Whether Plaintiffs and the Nationwide Class or Subclasses have been damaged by the wrongs alleged herein and are entitled to compensatory or punitive damages

l)       Whether Plaintiffs and the Nationwide Class or Subclasses are entitled to injunctive or other equitable relief, including restitution.

66.     ***Typicality Under Rule 23(a)(3).*** Plaintiffs' claims are typical of the Nationwide Class members' and Subclass members' claims.  Toyota's course of conduct caused Plaintiffs and the Nationwide Class members and Subclass members the same harm, damages, and losses as a result of Toyota's uniformly unlawful conduct.  Likewise, Plaintiffs and other Nationwide Class members and Subclass members must prove the same facts in order to establish the same claims.

67.     ***Adequacy of Representation Under Rule 23(a)(4).*** Plaintiffs are adequate representative of the Nationwide Class and Subclass because they are members of the Nationwide

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Class and Subclasses, and their interests do not conflict with the interests of the nationwide Class or Subclass. Plaintiffs have retained counsel competent and experienced in complex litigation and consumer protection class action matters such as this action, and Plaintiffs and their counsel intend to vigorously prosecute this action for the Nationwide Class's and Subclass's benefit and have the resources to do so. Plaintiffs and their counsel have no interests adverse to those of the other members of the Nationwide Class or Subclass.

68. ***Superiority.*** A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because individual litigation of each Nationwide Class member's and Subclass member's claim is impracticable. The damages, harm, and losses suffered by the individual members of the Nationwide Class and Subclasses will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Toyota's wrongful conduct. Even if each Nationwide Class member and Subclass member could afford individual litigation, the Court system could not. It would be unduly burdensome if thousands of individual cases proceeded. Individual litigation also presents the potential for inconsistent or contradictory judgments, the prospect of a race to the courthouse, and the risk of an inequitable allocation of recovery among those individuals with equally meritorious claims. Individual litigation would increase the expense and delay to all parties and the Courts because it requires individual resolution of common legal and factual questions. By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.

69. As a result of the foregoing, class treatment is appropriate.

**FIRST CLAIM FOR RELIEF**
**Violations of Consumer Legal Remedies Act**
**CAL. CIV. CODE § 1750 *et seq.***
***On Behalf of Plaintiff DeLuca and the California Subclass***

70. Plaintiff DeLuca, individually and on behalf of the California Subclass, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

71.     Plaintiff DeLuca brings this claim individually and on behalf of the California Subclass against Toyota.

72.     Toyota is a "person" under Cal. Civ. Code § 1761(c).

73.     Plaintiff DeLuca and the California Subclass members are "consumers" as defined by Cal. Civ. Code § 1761(d), who purchased or leased one or more RAV4s. The Consumer Legal Remedies Act ("CLRA") prohibits "unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer[.]" Cal. Civ. Code § 1770(a). Toyota has engaged in unfair or deceptive acts that violated Cal. Civ. Code § 1750, *et seq.*, as described above and below,  by representing that the RAV4s had characteristics, uses, benefits, and qualities which they do not have; representing that the RAV4s are of a particular standard, quality, and grade when they are not; advertising the RAV4s with the intent not to sell or lease them as advertised; and representing that the subject of a transaction involving RAV4s has been supplied in accordance with a previous representation when it has not.

74.     In connection with its sale and lease of RAV4s to Plaintiff DeLuca and the California Subclass, Toyota violated the CLRA by:

   a)  Misrepresenting to Plaintiff DeLuca and the California Subclass that the RAV4s contain a 14.5 gallon fuel tan, when in fact, the RAV4s have a defect that prevents the fuel tank from filling to 14.5 gallons, in violation of CAL. CIV. CODE §§ 1770(a)(5), (7), (9), and (16);

   b)  Misrepresenting to Plaintiff DeLuca and the California Subclass that the RAV4's mileage range is 580 miles, when in fact, the RAV4 contains a defect that significantly limits the RAV4's mileage range, in violation of CAL. CIV. CODE §§ 1770(a)(5), (7), (9), and (16);

   c)  Misrepresenting to Plaintiff DeLuca and the California Subclass that Toyota's RAV4s had characteristics, uses, and benefits that they did not have, in violation of CAL. CIV. CODE § 1770(a)(5);

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

d)  Representing to Plaintiff DeLuca and the California Subclass that the RAV4s were of a particular standard, quality, or grade, when they were of another in violation of CAL. CIV. CODE § 1770(a)(7);

e)  Advertising goods to Plaintiff DeLuca and the California Subclass with the intent not to sell them as advertised, in violation of CAL. CIV. CODE § 1770(a)(9); and

f)  Misrepresenting to Plaintiff DeLuca and the California Subclass that the subject of a transaction had been supplied in accordance with a previous representation when it had not, in violation of CAL. CIV. CODE § 1770(a)(16).

75.    In addition, under California law, a duty to disclose arises in four circumstances: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant has exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts.

76.    Toyota had a duty to disclose to Plaintiff DeLuca and the California Subclass that the RAV4s contained a defect preventing the fuel tank from filling to capacity and limiting the RAV4s' mileage range for the following three independent reasons: (a) Toyota had exclusive knowledge of the information at the time of sale; (b) Toyota actively concealed from Plaintiff DeLuca and the California Subclass this defect, which preventing the RAV4 fuel tank from filling to capacity and limits mileage range; and (c) Defendant made partial representations to Plaintiff DeLuca and the California subclass regarding the capacity of the RAV4 fuel tank and the RAV4's mileage range.

77.    Toyota violated the CLRA by selling RAV4s with defective fuel tanks and by further concealing these defects and the RAV4s limited mileage range from Plaintiff DeLuca and the California Subclass.

78.    Toyota's misrepresentations and omissions in violation of the CLRA were likely to mislead an ordinary consumer. Plaintiff DeLuca and the California Subclass reasonably understood

Toyota's representations and omissions to mean that the RAV4's fuel tank would fill to 14.5 gallons and that the mileage range of the RAV4 was 580 miles.

79.     Toyota's misrepresentations and omissions alleged herein were material in that a reasonable person would attach importance to the information and would be induced to act upon the information in making purchase decisions.

80.     Plaintiff DeLuca and the California Subclass relied to their detriment on Toyota's misrepresentations and omissions in purchasing or leasing the RAV4s.

81.     Plaintiff DeLuca, on behalf of himself and the California Subclass, demands judgment against Toyota under the CLRA for injunctive relief.

82.     Pursuant to CAL. CIV. CODE § 1782(a), Plaintiff DeLuca will serve Toyota with notice of its alleged violations of the CLRA by certified mail return receipt requested. If, within thirty days after the date of such notification, Toyota fails to provide appropriate relief for its violations of the CLRA, Plaintiff DeLuca will amend this Class Action Complaint to seek monetary damages under the CLRA.

83.     Notwithstanding any other statements in this Class Action Complaint, Plaintiff DeLuca does not seek monetary damages in connection with his CLRA claims – and will not do so – until the applicable thirty-day period has passed.

**SECOND CLAIM FOR RELIEF**
**Violations of the California False Advertising Law**
**CAL. BUS. & PROF. CODE § 17500 *et seq.***
***On Behalf of Plaintiff DeLuca and the California Class***

84.     Plaintiff DeLuca, individually and on behalf of the California Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

85.     Plaintiff DeLuca brings this claim individually and on behalf of the California Class against Toyota.

86.     California's False Advertising Law prohibits any statement in connection with the sale of goods "which is untrue or misleading." CAL. BUS. & PROF. CODE § 17500.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

87.     Plaintiff DeLuca, individually and on behalf of the California Class, has standing to pursue this claim because he suffered injury in fact and has lost money or property as a result of Toyota's actions, as described above.

88.     Toyota engaged in advertising and marketing to the public and offered for sale and lease the RAV4s in California.

89.     Toyota engaged in the advertising and marketing alleged herein with the intent to directly or indirectly induce the sale or lease of the RAV4s to consumers like Plaintiff DeLuca and members of the California Class.

90.     Toyota's advertising and marketing representations regarding the RAV4s were false, misleading, and deceptive within the definition, meaning, and construction of California Business & Professions Code §§ 17500, *et seq.* (False Advertising Law).

91.     Toyota's misrepresentations and omissions alleged herein were the type of misrepresentations that are material, *i.e.*, a reasonable person would attach importance to them and would be induced to act on the information in making purchase decisions.

92.     Toyota's misrepresentations and omissions alleged herein are objectively material to a reasonable consumer, and therefore reliance upon such misrepresentations may be presumed as a matter of law.

93.     At the time it made the misrepresentations and omissions alleged herein, Toyota knew or should have known that they were untrue or misleading and acted in violation of California Business and Professions Code §§ 17500, *et seq.*

94.     Unless restrained by this Court, Toyota will continue to engage in untrue and misleading advertising, as alleged above, in violation of California Business & Professions Code §§ 17500, *et seq.*

95.     As a result of Toyota's conduct and actions, Plaintiff DeLuca and each member of the California Class has been injured, has lost money or property, and is entitled to relief. Plaintiff DeLuca seeks disgorgement, restitution, injunctive relief, and all other relief permitted under California Business & Professions Code §§ 17500, *et seq.*

1

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

### THIRD CLAIM FOR RELIEF
#### Breach of Express Warranty
#### CAL. COM. CODE §§ 2313 and 10210
#### *On Behalf of Plaintiff DeLuca and the California Class*

96.     Plaintiff DeLuca, individually and on behalf of the California Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

97.     Plaintiff DeLuca brings this claim individually and on behalf of the California Class against Toyota.

98.     Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under CAL. COM. CODE §§ 2104(1) and 10103(c), and a "seller" of motor vehicles under § 2105(1) and 10103(a)(8).

99.     With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under CAL. COM. CODE § 10103(a)(16).

100.    The RAV4s are and were at all relevant times "goods" within the meaning of CAL. COM. CODE §§ 2105(1) and 10103(a)(8).

101.    In connection with the purchase or lease of each one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4's fuel tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

102.    Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiff De Luca and the California Class members purchased or leased the RAV4s with fuel tank defects that prevent the RAV4 fuel tank from filling to capacity and limit the vehicles' mileage range to significantly less than 580 miles.

103.    Plaintiff DeLuca and the Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiff DeLuca and the

California Class members that RAV4s' contain defectively designed fuel tanks that prevent the tank from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

104.    Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

105.    Plaintiff DeLuca reported his fuel tank issue to Toyota on December 23, 2019. In addition, Toyota was provided with notice of the fuel tank defect by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal actions and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impact the RAV4's total available driving distance.

106.    As a direct and proximate result of Toyota's breach of express warranties, Plaintiff DeLuca and the other Class members have been damaged in an amount to be determined at trial.

**FOURTH CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**CAL. COM. CODE §§ 2314 and 10212**
***On Behalf of Plaintiff DeLuca and the California Class***

107.    Plaintiff DeLuca, individually and on behalf of the California Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

108.    Plaintiff DeLuca brings this claim individually and on behalf of the California Class against Toyota.

109.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under CAL. COM. CODE §§ 2104(1) and 10103(c), and a "seller" of motor vehicles under § 2103(1)(d)

110.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under CAL. COM. CODE § 10103(a)(16).

111.    The RAV4s are and were at all relevant times "goods" within the meaning of CAL. COM. CODE §§ 2105(1) and 10103(a)(8).

112.    A warranty that the RAV4s were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant to CAL. COM. CODE §§ 2314 and 10212.

113.    The RAV4s, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used. Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill and their mileage range is significantly diminished.

114.    Plaintiff DeLuca reported his fuel tank issue to Toyota on December 23, 2019. In addition, Toyota was provided with notice of the fuel tank defect by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal actions and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impact the RAV4's total available driving distance.

115.    As a direct and proximate result of Toyota's breach of the implied warranty of merchantability, Plaintiff DeLuca and the California Class members have been damaged in an amount to be proven at trial.

**FIFTH CLAIM FOR RELIEF**
**Violations of Song-Bervely Consumer Warrant Act**
**CAL. CIV. CODE § 1790 *et seq.***
***On Behalf of Plaintiff DeLuca and the California Subclass***

116.    Plaintiff DeLuca, individually and on behalf of the California Subclass, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

117.    Plaintiff DeLuca brings this claim individually and on behalf of the California Subclass against Toyota.

118.    Plaintiff DeLuca and the California Subclass members who purchased or leased the RAV4s in California are "buyers" within the meaning of CAL. CIV. CODE § 1791(b).

119.    The RAV4s are "consumer goods" within the meaning CAL. CIV. CODE § 1791(a).

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

120.    Toyota is a "manufacturer" of RAV4s within the meaning of CAL. CIV. CODE § 1791(j).

121.    The RAV4s were used and purchased or leased primarily for personal or family purposes and are therefore consumer goods.

122.    Plaintiff DeLuca and the California Subclass members purchased or leased new motor vehicles manufactured by Toyota that were marketed as containing a 14.5 gallon fuel tanks capable of a 580 mileage range.

123.    The RAV4s contain a defect that prevents the fuel tank from filling to capacity and significantly diminishes the RAV4s mileage range.

124.    These defects were present in Toyota's RAV4s when they lefts the exclusive control of Toyota and therefore existed during the duration of the warranty period.

125.    Toyota's RAV4s were not of the same quality as those generally acceptable in the trade and were not fit for their ordinary purpose.

126.    Toyota, therefore, breached the implied warranty of merchantability, which by law is provided in every consumer agreement for the sale of goods.

127.    As a direct and proximate cause of Toyota's breach of the implied warranty of merchantability, Plaintiff DeLuca and the California Subclass have been damaged by receiving an inferior product from that which they were promised. Plaintiff DeLuca and the California Subclass, therefore, have the right to cancel and recover the purchase price of their RAV4s.

**SIXTH CLAIM FOR RELIEF**
**Violations of the California Unfair Competition Law**
**CAL. BUS. & PROF. CODE § 17200 *et seq.***
***On Behalf of Plaintiff DeLuca and the California Class***

128.    Plaintiff DeLuca, individually and on behalf of the California Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

129.    Plaintiff DeLuca brings this claim individually and on behalf of the California Class against Toyota.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

130.    Plaintiff DeLuca has standing to pursue this claim because he has suffered injury in fact and has lost money or property as a result of Toyota's actions as described above. All California Class Members overpaid for the RAV4s due to Toyota's concealment of a defect that prevents the RAV4's fuel tank from filling to capacity and limits mileage range.

131.    Toyota's actions as alleged herein constitute an "unlawful" practice within the definition, meaning, and construction of California's UCL because Toyota violated California's False Advertising Law (Bus. & Prof. Code §§ 17500, *et seq.*), the CLRA (Civ. Code §§ 1750, *et seq.*), and California's Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 17900 *et seq.*).

132.    Toyota's actions as alleged herein constitute a "fraudulent" practice because, by representing that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4's mileage range was 580 miles, but concealing that the RAV4 actually contained a defect, Toyota's conduct was likely to deceive consumers. Toyota's failure to disclose this defect constitutes a material omission in violation of the UCL.

133.    Toyota's actions as alleged herein constitute an "unfair" practice because the offend established public policy and are immoral, unethical, oppressive, unscrupulous, and substantially injurious to Toyota's customers. The harm caused by Toyota's wrongful conduct outweighs any utility of such conduct and has caused—and will continue to cause—substantial injury to Plaintiff DeLuca and the California Class. Toyota could and should have chosen one of many reasonably available alternatives, including not selling or leasing the RAV4s that contained a defect, disclosing the defect to prospective purchasers and lessees, and/or not representing that the RAV4s were suitable for consumer use. Additionally, Toyota's conduct was "unfair" because it violated the legislatively declared policies reflected by California's strong consumer protection, consumer warranty, and false advertising laws, including the California Song-Beverly Consumer Warranty Act, CAL. CIV. CODE §§ 1790 *et seq.*, the CLRA, CAL. CIV. CODE §§ 1750 *et seq.*, and the FAL, CAL. BUS. & PROF. CODE §§ 17500 *et seq.*

134.    As a result of Toyota's unlawful, fraudulent, and unfair conduct, Plaintiff DeLuca and the California Class received an inferior product for that which they were promised. Had

Toyota disclosed the RAV4 fuel tank defect, Plaintiff DeLuca and the California Class would not have purchased the RAV4 or would have paid substantially less.

135.    Toyota's wrongful business practices constitute a continuing course of unfair competition because Toyota continues to represent that the RAV4's fuel tank capacity is 14.5 gallons and its mileage range is 580 miles. Plaintiff DeLuca and the California Class therefore seek equitable relief to remedy Toyota's deceptive marketing, advertising, and packaging and to recall all affected RAV4s.

136.    Plaintiff DeLuca and the California Class also seek an order requiring Toyota to make full restitution of all monies that it has wrongfully obtained from California Class members, as well as all other relief permitted under the UCL.

## SEVENTH CLAIM FOR RELIEF
### Violation of Florida's Deceptive & Unfair Trade Practices Act
FLA. STAT. § 501.201, *et seq.*
### *On Behalf of Plaintiff Antonius Tran and the Florida Class*

137.    Plaintiff Tran, individually and on behalf of the Florida Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

138.    Plaintiff Tran brings this claim individually and on behalf of the Florida Class against Toyota.

139.    Plaintiff Tran is a "consumer" within the meaning of the Florida Unfair and Deceptive Trade Practices Act ("FDUTPA"), FLA. STAT. § 501.203.

140.    Toyota is engaged in "trade or commerce" within the meaning of FLA. STAT. § 501.203(8)

141.    The stated purpose of the FDUTPA "[t]o protect the consuming public . . . from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." FLA. STAT. § 501.202(2).

142.    The FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce ..."

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

FLA. STAT. § 501.204(1). Toyota participated in unfair and deceptive trade practices that violated the FUDTPA as described herein.

143.     In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4's mileage range was 580 miles and otherwise engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

144.     Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity and mileage range after the RAV4s were sold and leased, but continued to conceal information until the defect was revealed by RAV4 purchasers and lessees.

145.     By failing to disclose and by actively concealing the RAV4 fuel tank defect, Toyota engaged in deceptive business practices in violation of the FDUTPA. Toyota's deceptive acts or practices were likely to, and did in fact, deceive reasonable consumers, including Plaintiff Tran, about the RAV4's fuel tank capacity and mileage range.

146.     Toyota's acts and practices are also unfair because they are contrary to Florida law and public policy and further constitute immoral, unethical, oppressive, and unscrupulous business practices that caused substantial injury to Plaintiff Tran and members of the Florida Class. The harm caused by Toyota's unfair acts and practices outweighs the utility of such conduct.

147.     The practice of selling RAV4s with defective fuel tanks, without providing an adequate remedy to cure the defects, has harmed Plaintiff Tran and the Florida Class. Toyota could have and should have chosen one of many reasonably available alternatives, including not selling or leasing the RAV4s that contained a defect, disclosing the defect to prospective purchasers and lessees, and/or not representing that the RAV4s were suitable for consumer use. The harm from Toyota's unfair conduct was not reasonably avoidable by consumers.

148.    As alleged above, Toyota made material misstatements about the RAV4's fuel tank capacity and mileage range that were either false or misleading. Toyota owed Plaintiff Tran and the Florida Class a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b) intentionally concealed the foregoing from Plaintiff Tran and the Florida Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiff Tran and the Florida Class that contradicted these representations.

149.    Toyota intentionally and knowingly misrepresented material facts regarding the RAV4s with the intent to mislead Plaintiff Tran and the Florida Class. Toyota knew or should have known that its conduct violated the FDUTPA.

150.    As a direct and proximate result of Toyota's unfair and deceptive conduct, Plaintiff Tran and the Florida Class members have suffered injury, ascertainable losses of money or property, and monetary and nonmonetary damages. Because Toyota fraudulent concealed the defects in the RAV4s, purchasers and lessees of the RAV4s were deprived of the benefit of their bargain because the RAV4s they purchased were worth less than they would have been if they were free from defects. Had purchasers and lessees of the RAV4s been aware of the defects in their RAV4s, they would either not have purchased or leased the RAV4s or they would have paid less for them.

151.    Toyota's violations caused ascertainable injury to Plaintiff Tran and the Florida Class, as well as to the general public. Toyota's unlawful acts and practices alleged herein negatively affect the public interest, and there are no countervailing benefits to consumers that outweigh the harm caused by Toyota's conduct.

152.    Pursuant to Fla. Stat. §§ 501.211 and 501.2105, Plaintiff Tran and the Florida Class seek an order enjoining Toyota's unfair and/or deceptive acts or practices and awarding actual damages, attorneys' fees, and any other just and proper relief under the FDUTPA the Court deems necessary to protect the public from further violations of the FDUTPA.

**EIGHTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
**F.S.A. §§ 672.313 and 680.21**
***On Behalf of Plaintiff Antonius Tran and the Florida Class***

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

153.     Plaintiff Tran, individually and on behalf of the Florida Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

154.     Plaintiff Tran brings this claim individually and on behalf of the Florida Class against Toyota.

155.     Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under F.S.A. §§ 672.104(1) and 680.1031(3)(k), and a "seller" of motor vehicles under § 672.103(1)(d).

156.     With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under F.S.A. § 680.1031(1)(p).

157.     The RAV4s are and were at all relevant times "goods" within the meaning of F.S.A. §§ 672.105(1) and 680.1031(1)(h).

158.     In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4's fuel tank capacity is 14.5 gallons and that the RAV4's mileage range is 580 miles.

159.     Toyota's NVLW and warranties regarding the RAV4's fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiff Tran and the Florida Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

160.     Plaintiff Tran and the Florida Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiff Tran and the Florida Class members that RAV4s contain defectively designed fuel tanks that prevent the tank from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

161.    Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

162.    Plaintiff Tran reported his fuel tank issue to Wesley Chapel Toyota on January 26, 2020. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impact the RAV4's total available driving distance.

163.    As a direct and proximate result of Toyota's breach of express warranties, Plaintiff Tran and the Florida Class members have been damaged in an amount to be determined at trial.

**NINTH CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**F.S.A. §§ 672.314 and 680.212**
*On Behalf of Plaintiff Antonius Tran and the Florida Class*

164.    Plaintiff Tran, individually and on behalf of the Florida Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

165.    Plaintiff Tran brings this claim individually and on behalf of the Florida Class against Toyota.

166.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under F.S.A. §§ 672.104(1) and 680.1031(3)(k), and a "seller of motor vehicles under § 672.103(1)(d).

167.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under F.S.A. § 680.1031(1)(p).

168.    The RAV4s are and were at all relevant times "goods" within the meaning of F.S.A. §§ 672.105(1) and 680.1031(1)(h).

169.    A warranty that the RAV4s were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant to F.S.A. §§ 672.314 and 680.212.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

170.    The RAV4s, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used. Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill and their mileage range is significantly diminished.

171.    Plaintiff Tran reported his fuel tank issue to Wesley Chapel Toyota on January 26, 2020. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impact the RAV4's total available driving distance.

172.    As a direct and proximate result of Toyota's breach of the implied warranty of merchantability, Plaintiff Tran and the Florida Class members have been damaged in an amount to be determined at trial.

**TENTH CLAIM FOR RELIEF**
**Violation of the Idaho Consumer Protection Act**
**IDAHO CODE § 48-601,** *et seq.*
***On Behalf of Plaintiff Jedediah Clawson and the Idaho Class***

173.    Plaintiff Clawson, individually and on behalf of the Idaho Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

174.    Plaintiff Clawson brings this claim individually and on behalf of the Idaho Class against Toyota.

175.    Toyota is a "person" under the Idaho Consumer Protection Act ("Idaho CPA"), Idaho Code § 48-602(1).

176.    Toyota's acts or practices as set forth above occurred in the conduct of "trade" or "commerce" under Idaho Code § 48-602(2).

177.    Toyota participated in misleading, false, or deceptive acts that violated the Idaho CPA.

178.    In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4's mileage range was 580 miles and otherwise engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

179.    Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity and mileage range after the RAV4s were sold and leased but continued to conceal information until the defect was revealed by RAV4 purchasers and lessees.

180.    Toyota owed Plaintiff Clawson and the Idaho Class a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b) intentionally concealed the foregoing form Plaintiff Clawson and the Idaho Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiff Clawson and the Idaho Class that contradicted these representations.

181.    Toyota this violated the Idaho CPA by, at a minimum, (1) representing that the RAV4s have characteristics, uses, and benefits which they do not have; (2) representing that the RAV4s are of a particular standard, quality, and grade when they are not; (3) advertising the RAV4s with the intent not to sell them as advertised; (4) engaging in acts or practices which are otherwise misleading, false, or deceptive to the consumer; and (5) engaging in any unconscionable method, act, or practice in the conduct of trade or commerce. *See* Idaho Code § 48-603.

182.    Plaintiff Clawson and the Idaho Class suffered ascertainable loss and actual damages as a direct and proximate result of Toyota's misrepresentations and its concealment of and failure to disclose material information. Plaintiff Clawson and the Idaho Class members who purchased or leased the RAV4s would not have purchased or leased the RAV4s or would have paid significantly less for them if Toyota had disclosed the RAV4's fuel tank defect. Plaintiff Clawson

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

and the Idaho Class also suffered diminished value to their vehicles, as well as lost or diminished use.

183.    Toyota had an ongoing duty to all RAV4 purchasers and lessees to refrain from unfair and deceptive practices under the Idaho CPA. Plaintiff Clawson and the Idaho Class members suffered ascertainable loss in the form of the diminished value of their RAV4s as a result of Toyota's deceptive and unfair acts and practices made in the course of Toyota's business.

184.    Toyota's violations present a continuing risk to Plaintiff Clawson and the Idaho Class as well as the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

185.    As a direct and proximate result of Toyota's violations of the Idaho CPA, Plaintiff Clawson and the Idaho Class have suffered injury-in-fact and/or actual damage.

186.    Pursuant to Idaho Code § 48-608, Plaintiff Clawson and the Idaho Class seek monetary relief against Toyota measured as the greater of (a) actual damages in an amount to be determined at trial, and (b) statutory damages in the amount of $1,000 for Plaintiff Clawson and each Idaho Class Member.

187.    Plaintiff Clawson and the Idaho Class members also seeks an order enjoining Toyota's unfair, unlawful, and/or deceptive practices, attorneys' fees, and any other just and proper relief available under the Idaho CPA.

188.    Plaintiff Clawson and the Idaho Class members also seek punitive damages against Toyota because Toyota's conduct evidences an extreme deviation from reasonable standards. Toyota flagrantly, maliciously, and fraudulently  misrepresented the reliability of the RAV4s, deceived Idaho Class members, and concealed material facts that only it knew—all to avoid the expense and public relations issues of correcting a serious fuel tank defect. Toyota's conduct constitutes malice, oppression, and fraud warranting punitive damages.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**ELEVENTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
**IDAHO CODE § 28-2-313 and 28-12-210**
*On Behalf of Plaintiff Jedediah Clawson and the Idaho Class*

189.    Plaintiff Clawson, individually and on behalf of the Idaho Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

190.    Plaintiff Clawson brings this claim individually and on behalf of the Idaho Class against Toyota.

191.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Idaho Code §§ 28-2-104(1) and 28-2-103(3), and a "seller" of a motor vehicle under § 28-2-103(1)(d).

192.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Idaho Code § 28-12-103(1)(p).

193.    The RAV4s are and were at all relevant times "goods" within the meaning of Idaho Code §§ 28-2-105(1) and 28-12-103(1)(h).

194.    In connection with the purchase or lease of each one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4's fuel tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

195.    Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiff Clawson and the Idaho Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

196.    Plaintiff Clawson and the Idaho Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiff Clawson

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

and the Idaho Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

197.    Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

198.    Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impact the RAV4's total available driving distance.

199.    As a direct and proximate result of Toyota's breach of express warranties, Plaintiff Clawson and the Idaho Class members have been damaged in an amount to be determined at trial.

**TWELFTH CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**IDAHO CODE § 28-2-314 and 28-12-212**
*On Behalf of Plaintiff Jedediah Clawson and the Idaho Class*

200.    Plaintiff Clawson, individually and on behalf of the Idaho Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

201.    Plaintiff Clawson brings this claim individually and on behalf of the Idaho Class against Toyota.

202.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Idaho Code §§ 28-2-104(1) and 28-2-103(3), and a "seller" of a motor vehicle under § 28-2-103(1)(d).

203.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Idaho Code § 28-12-103(1)(p).

204.    The RAV4s are and were at all relevant times "goods" within the meaning of Idaho Code §§ 28-2-105(1) and 28-12-103(1)(h).

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

205.    A warranty that the RAV4s were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant to Idaho Code §§ 28-2-314 and 28-12-212.

206.    The RAV4s, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used. Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill and their mileage range is significantly diminished.

207.    Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impact the RAV4's total available driving distance.

208.    As a direct and proximate result of Toyota's breach of the implied warranty of merchantability Plaintiff Clawson and the Idaho Class members have been damaged in an amount to be proven at trial.

**THIRTEENTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
**IOWA CODE §§ 554.2313 and 544.13210**
***On Behalf of Plaintiff Richard Wagner and the Iowa Class***

209.    Plaintiff Wagner, individually and on behalf of the Iowa Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

210.    Plaintiff Wagner brings this claim individually and on behalf of the Iowa Class against Toyota.

211.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Iowa Code §§ 554.2104(1) and 554.13103(3), and a "seller" of motor vehicles under § 554.2103(1)9d).

212.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Iowa Code § 554.13103(1)(p).

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

213.    The RAV4s are and were at all relevant times "goods" within the meaning of Iowa Code §§ 554.2105(1) and 554.13103(1)(h).

214.    In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4's fuel tank capacity is 14.5 gallons and that the RAV4's mileage range is 580 miles.

215.    Toyota's NVLW and warranties regarding the RAV4's fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiff Wagner and the Iowa Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

216.    Plaintiff Wagner and the Iowa Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiff Wagner and the Iowa Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

217.    Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

218.    Plaintiff Wagner reported his fuel tank issue to Toyota on December 18, 2019. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impact the RAV4's total available driving distance.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1    219.    As a direct and proximate result of Toyota's breach of express warranties, Plaintiff

2    Wagner and the Iowa Class members have been damaged in an amount to be determined at trial.

3                          **FOURTEENTH CLAIM FOR RELIEF**
                          **Breach of Implied Warranty of Merchantability**
4                          IOWA CODE §§ 554.2314 and 544.13212
                          ***On Behalf of Plaintiff Richard Wagner and the Iowa Class***
5

6    220.    Plaintiff Wagner, individually and on behalf of the Iowa Class, incorporates by

7    reference all of the allegations contained in the preceding paragraphs of this Class Action

8    Complaint as if fully set forth herein.

9    221.    Plaintiff Wagner brings this claim individually and on behalf of the Iowa Class

10   against Toyota.

11   222.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles

12   under Iowa Code §§ 554.2104(1) and 554.13103(3), and a "seller" of motor vehicles under §

13   554.2103(1)9d).

14   223.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor

15   vehicles under Iowa Code § 554.13103(1)(p).

16   224.    The RAV4s are and were at all relevant times "goods" within the meaning of Iowa

17   Code §§ 554.2105(1) and 554.13103(1)(h).

18   225.    A warranty that the RAV4s were in merchantable condition and fit for the ordinary

19   purpose for which vehicles are used is implied by law pursuant to Iowa Code §§ 554.2314 and

20   554.13212.

21   226.    The RAV4s, when sold or leased and at all times thereafter, were not in

22   merchantable condition and are not fit for the ordinary purpose for which vehicles are used.

23   Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill and

24   their mileage range is significantly diminished.

25   227.    Plaintiff Wagner reported his fuel tank issue to Toyota on December 18, 2019.  In

26   addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer

27   complaints filed against it, including the instant Complaint and has actual knowledge of the failure

28   as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

prevent full refueling by up to several gallons and impact the RAV4's total available driving distance.

228.    As a direct and proximate result of Toyota's breach of the implied warranty of merchantability Plaintiff Wagner and the Iowa Class members have been damaged in an amount to be proven at trial.

**FIFTEENTH CLAIM FOR RELIEF**
**Violations of the Michigan Consumer Protection Act**
**MICH. COMP. LAWS § 445.903, *et seq.***
***On Behalf of Plaintiff Lonnie Birchfield and the Michigan Class***

229.    Plaintiff Birchfield, individually and on behalf of the Michigan Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

230.    Plaintiff Birchfield brings this claim individually and on behalf of the Michigan Class against Toyota.

231.    Plaintiff Birchfield and the Michigan Class members are "person[s]" within the meaning of the Mich. Comp. Laws. § 445.902(1)(d).

232.    At all relevant times, Toyota was a "person" engaged in "trade or commerce" within the meaning of the Mich. Comp. Laws § 445.902(1)(d) and (g).

233.    The Michigan Consumer Protection Act ("Michigan CPA") prohibits ""[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce ...." Mich. Comp. Laws § 445.903(1). Toyota engaged in unfair, unconscionable, or deceptive methods, acts or practices prohibited by the Michigan CPA, including: "(c) Representing that goods or services have ... characteristics ... that they do not have ....;" "(e) Representing that goods or services are of a particular standard ... if they are of another;" "(i) Making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions;" "(s) Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer;" "(bb) Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is;" and

"(cc) Failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner." Mich. Comp. Laws § 445.903(1).

234.    In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

235.    Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity and mileage range after the RAV4s were sold and leased but continued to conceal information until the defect was revealed by RAV4 purchasers and lessees.

236.    Toyota owed Plaintiff Birchfield and the Michigan Class a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b) intentionally concealed the foregoing from Plaintiff Birchfield and the Michigan Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiff Birchfield and the Michigan Class that contradicted these representations.

237.    Toyota's representations and omissions were material because they were likely to deceive reasonable consumers.

238.    Toyota acted intentionally, knowingly, and maliciously to violate Michigan's CPA, and recklessly disregard Plaintiff Birchfield's and the Michigan Class members' rights. Toyota's knowledge of the RAV4 defect put it on notice that the RAV4 was not as advertised.

239.    Toyota's violations present a continuing risk to Plaintiff Birchfield, the Michigan Class members, as well as the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

240.    As a direct and proximate result of Toyota's violations of the Michigan CPA, Plaintiff Birchfield and the Michigan Class members have suffered injury-in-fact and/or actual damage.

241.    Plaintiff Birchfield and the Michigan Class members seek injunctive relief to enjoin Toyota from continuing its unfair and deceptive acts; monetary damages against Toyota measures as the greater of (a) actual damages in an amount to be determined at trial, and (b) statutory damages in the amount of $250 for Plaintiff Birchfield and each Michigan Class member; reasonable attorneys' fees; and any other just and proper relief available under Mich. Comp. Laws § 445.911.

242.    Plaintiff Birchfield and the Michigan Class members also seek punitive damages against Toyota because Toyota's conduct evidences an extreme deviation from reasonable standards. Toyota flagrantly, maliciously, and fraudulently  misrepresented the reliability of the RAV4s, deceived Michigan Class members, and concealed material facts that only it knew—all to avoid the expense and public relations issues of correcting a serious fuel tank defect. Toyota's conduct constitutes malice, oppression, and fraud warranting punitive damages.

### SIXTEENTH CLAIM FOR RELIEF
**Breach of Express Warranty**
MICH. COMP. LAWS §§ 440.2313 and 440.2860
*On Behalf of Plaintiff Lonnie Birchfield and the Michigan Class*

243.    Plaintiff Birchfield, individually and on behalf of the Michigan Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

244.    Plaintiff Birchfield brings this claim individually and on behalf of the Michigan Class against Toyota.

245.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Mich. Comp. Laws § 440.2104(1) and a "seller" of motor vehicles under § 440.2103(1)(c).

246.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Mich. Comp. Laws. S 440.2803(1)(p).

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

247.    The RAV4s are and were at all relevant times "goods" within the meaning of Mich. Comp. Laws §§ 440.2105(1) and 440.2803(1)(h).

248.    In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4's fuel tank capacity is 14.5 gallons and that the RAV4's mileage range is 580 miles.

249.    Toyota's NVLW and warranties regarding the RAV4's fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiff Birchfield and the Michigan Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

250.    Plaintiff Birchfield and the Michigan Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiff Birchfield and the Michigan Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

251.    Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

252.    Plaintiff Birchfield reported his fuel tank issue to Toyota on February 10, 2019. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings, and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

253.   As a direct and proximate result of Toyota's breach of express warranties, Plaintiff Birchfield and the Michigan Class members have been damaged in an amount to be determined at trial.

**SEVENTEENTH CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**MICH. COMP. LAWS §§ 440.2314 and 440.2860**
***On Behalf of Plaintiff Lonnie Birchfield and the Michigan Class***

254.   Plaintiff Birchfield, individually and on behalf of the Michigan Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

255.   Plaintiff Birchfield brings this claim individually and on behalf of the Michigan Class against Toyota.

256.   Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Mich. Comp. Laws § 440.2104(1) and a "seller" of motor vehicles under § 440.2103(1)(c).

257.   With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Mich. Comp. Laws. S 440.2803(1)(p).

258.   The RAV4s are and were at all relevant times "goods" within the meaning of Mich. Comp. Laws §§ 440.2105(1) and 440.2803(1)(h).

259.   A warranty that the RAV4s were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant to Mich. Comp. Laws §§ 440.2314 and 440.2862.

260.   The RAV4s, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used. Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill and their mileage range is significantly diminished.

261.   Plaintiff Birchfield reported his fuel tank issue to Toyota on February 10, 2019. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

262. As a direct and proximate result of Toyota's breach of the implied warranty of merchantability Plaintiff Birchfield and the Michigan Class members have been damaged in an amount to be proven at trial.

**EIGHTEENTH CLAIM FOR RELIEF**
**Violations of the Missouri Merchandising Practices Act**
**MO. REV. STAT. § 407.010,** *et seq.*
**On Behalf of Plaintiff Jonathan Pool and the Missouri Class**

263. Plaintiff Pool, individually and on behalf of the Missouri Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

264. Plaintiff Pool brings this claim individually and on behalf of the Missouri Class against Toyota.

265. Toyota, Plaintiff Pool, and the Missouri Class members are "persons" within the meaning of Mo. Rev. Stat. § 407.010(7).

266. The Missouri Merchandising Practices Act ("Missouri MPA") makes unlawful the "act, use or employment by any person of any deception, fraud, false pretense, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise." Mo. Rev. Stat. § 407.020.

267. In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

268.    Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity and mileage range after the RAV4s were sold and leased but continued to conceal information until the defect was revealed by RAV4 purchasers and lessees.

269.    Toyota owed Plaintiff Pool and the Missouri Class a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b) intentionally concealed the foregoing from Plaintiff Pool and the Missouri Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiff Pool and the Missouri Class that contradicted these representations.

270.    Toyota intentionally and knowingly misrepresented material facts regarding the RAV4s with intent to mislead Plaintiff Pool and the Missouri Class, including without limitation, by failing to disclose the fuel tank defect in light of circumstances under which the omitted facts were necessary in order to correct the assumptions, inferences, or representations being made by Toyota about the RAV4's fuel tank and mileage range. Consequently, the failure to disclose such facts amounts to misleading statements pursuant to 15 Mo. Code of State Reg. 60-9.090.

271.    Because Toyota knew or believed that its statements regarding the RAV4's fuel tank and mileage range were not in accord with the facts and/or had no reasonable basis for such statements in light of its knowledge of the fuel tank defect, Toyota engaged in fraudulent misrepresentations pursuant to 15 Mo. Code of State Reg. 60-8.020.

272.    Toyota knew or should have known that its conduct violated the Missouri MPA.

273.    Toyota's concealment of the true fuel tank capacity and mileage range of the RAV4s was material to Plaintiff Pool and the Missouri Class members.

274.    Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff Pool.

275.    Plaintiff Pool and the Missouri Class suffered ascertainable loss and actual damages as a direct and proximate result of Toyota's misrepresentations and its concealment of and failure to disclose material information. Plaintiff Pool and the Missouri Class members who purchased or

leased the RAV4s would not have purchased or leased them or would have paid significantly less for them if the fuel tank defect had been disclosed.

276.     Toyota had an ongoing duty to Plaintiff Pool and the Missouri Class to refrain from unfair and deceptive practices under the Missouri MPA. All owners of the RAV4s suffered ascertainable loss in the form of the diminished value of their vehicles as a result of Toyota's deceptive and unfair acts and practices made in the court of Toyota's business.

277.     Toyota's violations present a continuing risk to Plaintiff Pool, the Missouri Class, and the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

278.     As a direct and proximate result of Toyota's violations of the Missouri MPA, Plaintiff Pool and the Missouri Class have suffered injury-in-fact and/or actual damage.

279.     Toyota is liable to Plaintiff Pool and the Missouri Class for damages in amounts to be proven at trial, including attorneys' fees, costs, and punitive damages, as well as injunctive relief enjoining Toyota's unfair and deceptive practices, and any other just and proper relief under Mo. Rev. Stat. § 407.025.

## NINETEENTH CLAIM FOR RELIEF
### Breach of Express Warranty
#### Mo. Stat. § 400.2-313 and 400.2A-210
#### *On Behalf of Plaintiff Jonathan Pool and the Missouri Class*

280.     Plaintiff Pool, individually and on behalf of the Missouri Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

281.     Plaintiff Pool brings this claim individually and on behalf of the Missouri Class against Toyota.

282.     Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Mo. Stat. § 400.2-104(1) and a "seller" of motor vehicles under § 400.2-103(1)(d).

283.     With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Mo. Stat. § 400.2A-103(1)(p).

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

284.    The RAV4s are and were at all relevant times "goods" within the meaning of Mo. Stat. §§ 400.2-105(1) and 400.2A-103(1)(h).

285.    In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4s fuel tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

286.    Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiff Pool and the Missouri Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

287.    Plaintiff Pool and the Missouri Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiff Pool and the Missouri Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

288.    Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

289.    Plaintiff Pool reported his fuel tank issue to Toyota in or about the fall of 2019. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings, and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impact the RAV4's total available driving distance.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1    290.    As a direct and proximate result of Toyota's breach of express warranties, Plaintiff

2    Pool and the Missouri Class members have been damaged in an amount to be determined at trial.

3

4                            **TWENTIETH CLAIM FOR RELIEF**
                           **Breach of Implied Warranty of Merchantability**
5                          MO. STAT. § 400.2-314 and 400.2A-212
                 ***On Behalf of Plaintiff Jonathan Pool and the Missouri Class***
6

7    291.    Plaintiff Pool, individually and on behalf of the Missouri Class, incorporates by

8    reference all of the allegations contained in the preceding paragraphs of this Class Action

9    Complaint as if fully set forth herein.

10    292.    Plaintiff Pool brings this claim individually and on behalf of the Missouri Class

11    against Toyota.

12    293.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles

13    under Mo. Stat. § 400.2-104(1) and a "seller" of motor vehicles under § 400.2-103(1)(d).

14    294.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor

15    vehicles under Mo. Stat. § 400.2A-103(1)(p).

16    295.    The RAV4s are and were at all relevant times "goods" within the meaning of Mo.

17    Stat. §§ 400.2-105(1) and 400.2A-103(1)(h).

18    296.    A warranty that the RAV4s were in merchantable condition and fit for the ordinary

19    purpose for which vehicles are used is implied by law pursuant Mo. Stat. §§ 400.2-314 and

20    400.2A-212.

21    297.    The RAV4s, when sold or leased and at all times thereafter, were not in

22    merchantable condition and are not fit for the ordinary purpose for which vehicles are used.

23    Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill and

24    their mileage range is significantly diminished.

25    298.    Plaintiff Pool reported his fuel tank issue to Toyota in or about the fall of 2019. In

26    addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer

27    complaints filed against it, including the instant Complaint and similar legal proceedings and has

28    actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

tank shape of the RAV4s prevent full refueling by up to several gallons and impact the RAV4's total available driving distance.

299.     As a direct and proximate result of Toyota's breach of the implied warranty of merchantability Plaintiff Pool and the Missouri Class members have been damaged in an amount to be proven at trial.

**TWENTY-FIRST CLAIM FOR RELIEF**
**Violations of the Nebraska Consumer Protection Act**
**NEB. REV. STAT. § 407.010, *et seq.***
***On Behalf of Plaintiff Brad Ramaekers and the Nebraska Class***

300.     Plaintiff Ramaekers, individually and on behalf of the Nebraska Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

301.     Plaintiff Ramaekers brings this claim individually and on behalf of the Nebraska Class against Toyota.

302.     Toyota, Plaintiff Ramaekers, and the Nebraska Class members are "person[s]" under the Nebraska Consumer Protection Act ("Nebraska CPA"), Neb. Rev. Stat. § 59-1601(1).

303.     Toyota's actions as set forth herein occurred in the conduct of trade or commerce as defined under Neb. Rev. Stat. § 59-1601(2).

304.     The Nebraska CPA prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." Neb. Rev. Stat. § 59-1602. Toyota's conduct as set forth herein constitutes unfair or deceptive acts or practices.

305.     In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

306.    Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity and mileage range after the RAV4s were sold and leased but continued to conceal information until the defect was revealed by RAV4 purchasers and lessees.

307.    Toyota owed Plaintiff Ramaekers and the Nebraska Class a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b) intentionally concealed the foregoing from Plaintiff Ramaekers and the Nebraska Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiff Ramaekers and the Nebraska Class that contradicted these representations.

308.    Toyota thus violated the Nebraska CPA by, at a minimum, employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with the intent that others rely upon such concealment, suppression, or omission, in connection with the sale and lease of RAV4s.

309.    Toyota intentionally and knowingly misrepresented material facts regarding the RAV4s with intent mislead Plaintiff Ramaekers and the Nebraska Class members.

310.    Toyota knew or should have known that its conduct violated the Nebraska CPA.

311.    Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff Ramaekers.

312.    Plaintiff Ramaekers and the Nebraska Class suffered ascertainable loss and actual damages as a direct and proximate result of Toyota's misrepresentations and its concealment of and failure to disclose material information. Plaintiff Ramaekers and the Nebraska Class members who purchased or leased the RAV4s would not have purchased or leased them or would have paid significantly less for them if the fuel tank defect had been disclosed.

313.    Toyota had an ongoing duty to Plaintiff Ramaekers and the Nebraska Class to refrain from unfair and deceptive practices under the Nebraska CPA. All owners of the RAV4s suffered ascertainable loss in the form of the diminished value of their vehicles as a result of Toyota's deceptive and unfair acts and practices made in the course of Toyota's business.

Schubert Jonckheer & Kolbe LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

314.     Toyota's violations present a continuing risk to Plaintiff Ramaekers, the Nebraska Class, and the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

315.     As a direct and proximate result of Toyota's violations of the Nebraska CPA, Plaintiff Ramaekers and the Nebraska Class have suffered injury-in-fact and/or actual damage.

316.     Because Toyota's violations of the Nebraska CPA caused injury to Plaintiff Ramaekers's and the Nebraska Class members' property, Plaintiff Ramaekers and the Nebraska Class seek recovery of actual damages, as well as enhanced damages up to $1,000, an order enjoining Toyota's unfair or deceptive acts and practices, costs of Court, reasonable attorneys' fees, and any other just and proper relief available under Neb. Rev. Stat. § 59-1609.

**TWENTY-SECOND CLAIM FOR RELIEF**
**Breach of Express Warranty**
**NEB. REV. STAT. U.C.C. § 2-313 and 2A-210**
*On Behalf of Plaintiff Brad Ramaekers and the Nebraska Class*

317.     Plaintiff Ramaekers, individually and on behalf of the Nebraska Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

318.     Plaintiff Ramaekers brings this claim individually and on behalf of the Nebraska Class against Toyota.

319.     Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Neb. Rev. St. U.C.C. § 2-104(1)and a "seller" of motor vehicles under § 2-103(1)(d).

320.     With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Neb. Rev. St. U.C.C. § 2A-103(1)(p).

321.     The RAV4s are and were at all relevant times "goods" within the meaning of Neb. Rev. St. U.C.C. §§ 2-105(1) and 2A-103(1)(h).

322.     In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4s fuel tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

323.    Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiff Ramaekers and the Nebraska Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

324.    Plaintiff Ramaekers and the Nebraska Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiff Ramaekers and the Nebraska Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

325.    Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

326.    Plaintiff Ramaekers reported his fuel tank issue to Toyota. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings, and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impact the RAV4's total available driving distance.

327.    As a direct and proximate result of Toyota's breach of express warranties, Plaintiff Ramaekers and the Nebraska Class members have been damaged in an amount to be determined at trial.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**TWENTY-THIRD CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**Neb. Rev. Stat. U.C.C. § 2-314 and 2A-212**
*On Behalf of Plaintiff Brad Ramaekers and the Nebraska Class*

328.     Plaintiff Ramaekers, individually and on behalf of the Nebraska Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

329.     Plaintiff Ramaekers brings this claim individually and on behalf of the Nebraska Class against Toyota.

330.     Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Neb. Rev. St. U.C.C. § 2-104(1)and a "seller" of motor vehicles under § 2-103(1)(d).

331.     With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Neb. Rev. St. U.C.C. § 2A-103(1)(p).

332.     The RAV4s are and were at all relevant times "goods" within the meaning of Neb. Rev. St. U.C.C. §§ 2-105(1) and 2A-103(1)(h).

333.     A warranty that the RAV4s were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant Neb. Rev. St. U.C.C. §§ 2-314 and 2A-212.

334.     The RAV4s, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used. Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill and their mileage range is significantly diminished.

335.     Plaintiff Ramaekers reported his fuel tank issue to Toyota. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

336.     As a direct and proximate result of Toyota's breach of the implied warranty of merchantability, Plaintiff Ramaekers and the Nebraska Class members have been damaged in an amount to be determined at trial.

**TWENTY-FOURTH CLAIM FOR RELIEF**
**Violations of the Nevada Deceptive Trade Practices Act**
**NEV. REV. STAT. § 598.0903, *et seq.***
***On Behalf of Plaintiff Kirk Arellano and the Nevada Class***

337.     Plaintiff Arellano, individually and on behalf of the Nevada Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

338.     Plaintiff Arellano brings this claim individually and on behalf of the Nevada Class against Toyota

339.     The Nevada Deceptive Trade Practices Act ("Nevada DTPA"), NEV. REV. STAT. § 598.0903, *et seq.*, prohibits deceptive trade practices. NEV. REV. STAT. § 598.0915 provides that a person engages in a "deceptive trade practice" if, in the course of business or occupation, the person: "5. Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits, alterations or quantities of goods or services for sale or lease or a false representation as to the sponsorship, approval, status, affiliation or connection of a person therewith"; "7. Represents that goods or services for sale or lease are of a particular standard, quality or grade, or that such goods are of a particular style or model, if he or she knows or should know that they are of another standard, quality, grade, style or model"; "9. Advertises goods or services with intent not to sell or lease them as advertised"; or "15. Knowingly makes any other false representation in a transaction."

340.     In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

341.    Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity and mileage range after the RAV4s were sold and leased but continued to conceal information until the defect was revealed by RAV4 purchasers and lessees.

342.    Toyota owed Plaintiff Arellano and the Nevada Class a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b) intentionally concealed the foregoing from Plaintiff Arellano and the Nevada Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiff Arellano and the Nevada Class that contradicted these representations.

343.    Toyota thus violated the Nevada DTPA by, at a minimum, employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with the intent that others rely upon such concealment, suppression, or omission, in connection with the sale and lease of RAV4s.

344.    Toyota's actions as set forth above occurred in the conduct of trade or commerce.

345.    Toyota intentionally and knowingly misrepresented material facts regarding the RAV4s with the intent to mislead Plaintiff Arellano and the Nevada Class members.

346.    Toyota knew or should have known that its conduct violated the Nevada DTPA.

347.    Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff Arellano.

348.    Plaintiff Arellano and the Nevada Class suffered ascertainable loss and actual damages as a direct and proximate result of Toyota's misrepresentations and its concealment of and failure to disclose material information. Plaintiff Arellano and the Nevada Class members who purchased or leased the RAV4s would not have purchased or leased them or would have paid significantly less for them if the fuel tank defect had been disclosed.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

349.   Toyota had an ongoing duty to Plaintiff Arellano and the Nevada Class to refrain from unfair and deceptive practices under the Nevada DTPA. All owners of the RAV4s suffered ascertainable loss in the form of the diminished value of their vehicles as a result of Toyota's deceptive and unfair acts and practices made in the course of Toyota's business.

350.   Toyota's violations present a continuing risk to Plaintiff Arellano, the Nevada Class, and the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

351.   As a direct and proximate result of Toyota's violations of the Nevada DTPA, Plaintiff Arellano and the Nevada Class have suffered injury-in-fact and/or actual damage.

352.   Accordingly, Plaintiff Arellano and the Nevada Class members seek their actual damages, punitive damages, an order enjoining Toyota's deceptive acts or practices, costs of suit, attorney's fees, and all other appropriate and available remedies under the Nevada Deceptive Trade Practices Act. NEV. REV. STAT. § 41.600.

**TWENTY-FIFTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
**N.R.S. §§ 104.2313 and 104A.2210**
*On Behalf of Plaintiff Kirk Arellano and the Nevada Class*

353.   Plaintiff Arellano, individually and on behalf of the Nevada Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

354.   Plaintiff Arellano brings this claim individually and on behalf of the Nevada Class against Toyota.

355.   Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under N.R.S. § 104.2104(1) and a "seller" of motor vehicles under § 104.2103(1)(c).

356.   With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under N.R.S. § 104A.2103(1)(p).

357.   The RAV4s are and were at all relevant times "goods" within the meaning of N.R.S. §§ 104.2105(1) and 104A.2103(1)(h).

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

358.    In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4s fuel tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

359.    Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiff Arellano and the Nevada Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

360.    Plaintiff Arellano and the Nevada Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiff Arellano and the Nevada Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

361.    Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

362.    Plaintiff Arellano reported his fuel tank issue to Toyota. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings, and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

363.    As a direct and proximate result of Toyota's breach of express warranties, Plaintiff Arellano and the Nevada Class members have been damaged in an amount to be determined at trial.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

### TWENTY-SIXTH CLAIM FOR RELIEF
#### Breach of Implied Warranty of Merchantability
#### N.R.S. §§ 2314 and 104A.2212
#### *On Behalf of Plaintiff Kirk Arellano and the Nevada Class*

364.    Plaintiff Arellano, individually and on behalf of the Nevada Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

365.    Plaintiff Arellano brings this claim individually and on behalf of the Nevada Class against Toyota.

366.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under N.R.S. § 104.2104(1) and a "seller" of motor vehicles under § 104.2103(1)(c).

367.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under N.R.S. § 104A.2103(1)(p).

368.    The RAV4s are and were at all relevant times "goods" within the meaning of N.R.S. §§ 104.2105(1) and 104A.2103(1)(h).

369.    A warranty that the RAV4s were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant N.R.S. §§ 104.2314 and 104A.2212.

370.    The RAV4s, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used. Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill and their mileage range is significantly diminished.

371.    Plaintiff Arellano reported his fuel tank issue to Toyota. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

372.    As a direct and proximate result of Toyota's breach of the implied warranty of merchantability, Plaintiff Arellano and the Nevada Class members have been damaged in an amount to be determined at trial.

CLASS ACTION COMPLAINT                    67

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**TWENTY-SEVENTH CLAIM FOR RELIEF**
**Violations of N.H. Consumer Protection Act**
**N.H. REV. STAT. ANN. § 358-A:1,** *et seq.*
***On Behalf of Plaintiff Paul McPhie and the New Hampshire Class***

373.     Plaintiff McPhie, individually and on behalf of the New Hampshire Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

374.     Plaintiff McPhie brings this claim individually and on behalf of the New Hampshire Class against Toyota.

375.     Plaintiff McPhie, the New Hampshire class members, and Toyota are "persons" under the New Hampshire Consumer Protection Act ("New Hampshire PA"). N.H. Rev. Stat. § 358-A:1.

376.     Toyota's actions as set forth herein occurred in the conduct of trade or commerce as defined under N.H. Rev. Stat. § 358-A:1.

377.     The New Hampshire CPA prohibits a person, in the conduct of any trade or commerce, from using "any unfair or deceptive act or practice," including "but ... not limited to, the following: ... (V) Representing that goods or services have ... characteristics, ... uses, benefits, or quantities that they do not have;" "(VII) Representing that goods or services are of a particular standard, quality, or grade, ... if they are of another;" and "(IX) Advertising goods or services with intent not to sell them as advertised." N.H. Rev. Stat. § 358-A:2.

378.     In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

379.     Toyota owed Plaintiff McPhie and the New Hampshire Class a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b)

intentionally concealed the foregoing from Plaintiff McPhie and the New Hampshire Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiff McPhie and the New Hampshire Class that contradicted these representations.

380.    Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity and mileage range after the RAV4s were sold and leased, but continued to conceal information until the defect was revealed by RAV4 purchasers and lessees.

381.    Toyota thus violated the New Hampshire CPA by, at a minimum, employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with the intent that others rely upon such concealment, suppression, or omission, in connection with the sale and lease of RAV4s.

382.    Toyota intentionally and knowingly misrepresented material facts regarding the RAV4s with intent mislead Plaintiff McPhie and the New Hampshire Class members.

383.    Toyota knew or should have known that its conduct violated the New Hampshire CPA.

384.    Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff McPhie.

385.    Plaintiff McPhie and the New Hampshire Class suffered ascertainable loss and actual damages as a direct and proximate result of Toyota's misrepresentations and its concealment of and failure to disclose material information. Plaintiff McPhie and the New Hampshire Class members who purchased or leased the RAV4s would not have purchased or leased them or would have paid significantly less for them if the fuel tank defect had been disclosed.

386.    Toyota had an ongoing duty to Plaintiff McPhie and the New Hampshire Class to refrain from unfair and deceptive practices under the New Hampshire CPA. All owners of the RAV4s suffered ascertainable loss in the form of the diminished value of their vehicles as a result of Toyota's deceptive and unfair acts and practices made in the course of Toyota's business.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

387.    Toyota's violations present a continuing risk to Plaintiff McPhie, the New Hampshire Class, and the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

388.    As a direct and proximate result of Toyota's violations of the New Hampshire CPA, Plaintiff McPhie and the New Hampshire Class have suffered injury-in-fact and/or actual damage.

389.    Because Toyota's willful conduct caused injury to Plaintiff McPhie and the New Hampshire Class members' property through violations of the New Hampshire CPA, Plaintiff McPhie and the New Hampshire Class seek recovery of actual damages or $1,000 each, whichever is greater, treble damages, costs, and reasonable attorneys' fees, an order enjoining Toyota's unfair and/or deceptive acts and practices, and any other just and proper relief under N.H. REV. STAT. § 358-A:10.

**TWENTY-EIGHTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
**N.H. REV. STAT. §§ 382-A:2-313 and 382-A:2A-210)**
*On Behalf of Plaintiff Paul McPhie and the New Hampshire Class*

390.    Plaintiff McPhie, individually and on behalf of the New Hampshire Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

391.    Plaintiff McPhie brings this claim individually and on behalf of the New Hampshire Class against Toyota.

392.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under N.H. Rev. Stat. § 382-A:2-104(1) and a "seller" of motor vehicles under § 382-A:2-103(1)(d).

393.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under N.H. Rev. Stat.  § 382-A:2A-103(1)(p).

394.    The RAV4s are and were at all relevant times "goods" within the meaning of N.H. Rev. Stat. §§ 382-A:2-105(1) and 2A-103(1)(h).

395.    In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000

1    miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to

2    correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants

3    and represents in its marketing, specifications, and informational materials that the RAV4s fuel

4    tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

5            396.    Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and

6    mileage range formed a basis of the bargain that was breached when Plaintiff McPhie and the New

7    Hampshire Class members purchased or leased the RAV4s with defects in the fuel tank that

8    prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to

9    significantly less than 580 miles.

10           397.    Plaintiff McPhie and the New Hampshire Class members experienced defects

11   within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiff

12   McPhie and the New Hampshire Class members that the RAV4s contain defectively designed fuel

13   tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the

14   advertised 580 mileage range.

15           398.    Toyota breached the express warranty promising to repair or adjust defects in

16   materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted,

17   and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

18           399.    Plaintiff McPhie reported his fuel tank issue to Toyota. In addition, Toyota was

19   provided with notice of these issues by numerous NHTSA and consumer complaints filed against

20   it, including the instant Complaint and similar legal proceedings, and has actual knowledge of the

21   failure as evidenced by its public admission in December 2019 that the fuel tank shape of the

22   RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available

23   driving distance.

24           400.    As a direct and proximate result of Toyota's breach of express warranties, Plaintiff

25   McPhie and the New Hampshire Class members have been damaged in an amount to be

26   determined at trial.

27

28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**TWENTY-NINTH CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
N.H. REV. STAT. §§ 382-A:2-314 and 382-A:2A-212)
*On Behalf of Plaintiff Paul McPhie and the New Hampshire Class*

401.    Plaintiff McPhie, individually and on behalf of the New Hampshire Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

402.    Plaintiff McPhie brings this claim individually and on behalf of the New Hampshire Class against Toyota.

403.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under N.H. Rev. Stat. § 382-A:2-104(1) and a "seller" of motor vehicles under § 382-A:2-103(1)(d).

404.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under N.H. Rev. Stat. § 382-A:2A-103(1)(p).

405.    The RAV4s are and were at all relevant times "goods" within the meaning of N.H. Rev. Stat. §§ 382-A:2-105(1) and 2A-103(1)(h).

406.    A warranty that the RAV4s were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant N.H. Rev. Stat. §§ 382-A:2-314 and 382-A:2A-212.

407.    The RAV4s, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used. Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill and their mileage range is significantly diminished.

408.    Plaintiff McPhie reported his fuel tank issue to Toyota. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

409.   As a direct and proximate result of Toyota's breach of the implied warranty of merchantability, Plaintiff McPhie and the New Hampshire Class members have been damaged in an amount to be determined at trial.

### THIRTIETH CLAIM FOR RELIEF
#### Violations of New Jersey Consumer Fraud Act
#### N.J. STAT. ANN. §§ 56:8-1, *et seq.*
*On Behalf of Plaintiffs Angelo Markatos, Domenico Colabraro and the New Jersey Class*

410.   Plaintiffs Markatos and Colabraro, individually and on behalf of the New Jersey Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

411.   Plaintiffs Markatos and Colabraro bring this claim individually and on behalf of the New Jersey Class against Toyota.

412.   Plaintiffs Markatos and Colabraro, the New Jersey class members, and Toyota are persons under the New Jersey Consumer Fraud Act ("New Jersey CFA"), N.J. Stat. § 56:8-1(d).

413.   Toyota engaged in "sales" of "merchandise" within the meaning of N.J. Stat. § 56:8-1(c),(e). Toyota's actions as set forth herein occurred in the conduct of trade or commerce.

414.   The New Jersey CFA makes unlawful "[t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with the intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby..." N.J. Stat. § 56:8-2.

415.   In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

416.    Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity and mileage range after the RAV4s were sold and leased but continued to conceal information until the defect was revealed by RAV4 purchasers and lessees.

417.    Toyota owed Plaintiffs Markatos and Colabraro and the New Jersey Class a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b) intentionally concealed the foregoing from Plaintiffs Markatos and Colabraro and the New Jersey Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiff Markatos and Colabraro and the New Jersey Class that contradicted these representations.

418.    Toyota thus violated the New Jersey CFA by, at a minimum: 1) representing that the RAV4s have characteristics, uses, benefits, and qualities which they do not have; (2) representing that the RAV4s are of a particular standard, quality, and grade when they are not; (3) advertising the RAV4s with the intent not to sell them as advertised; (4) failing to disclose information concerning the RAV4s with the intent to induce consumers to purchase or lease the Class Vehicles; and (5) otherwise engaging in conduct likely to deceive.

419.    Toyota intentionally and knowingly misrepresented material facts regarding the RAV4s with the intent to mislead Plaintiffs Markatos and Colabraro and the New Jersey Class members.

420.    Toyota knew or should have known that its conduct violated the New Jersey CFA.

421.    Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs Markatos and Colabraro.

422.    Plaintiffs Markatos and Colabraro and the New Jersey Class suffered ascertainable loss and actual damages as a direct and proximate result of Toyota's misrepresentations and its concealment of and failure to disclose material information. Plaintiffs Markatos and Colabraro and the New Jersey Class members who purchased or leased the RAV4s would not have purchased or

leased them or would have paid significantly less for them if the fuel tank defect had been disclosed.

423.    Toyota had an ongoing duty to Plaintiffs Markatos and Colabraro and the New Jersey Class to refrain from unfair and deceptive practices under the New Jersey CFA. All owners of the RAV4s suffered ascertainable loss in the form of the diminished value of their vehicles as a result of Toyota's deceptive and unfair acts and practices made in the course of Toyota's business.

424.    Toyota's violations present a continuing risk to Plaintiffs Markatos and Colabraro, the New Jersey Class, and the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

425.    As a direct and proximate result of Toyota's violations of the New Jersey CFA, Plaintiffs Markatos and Colabraro and the New Jersey Class have suffered injury-in-fact and/or actual damage.

426.    As a result of the foregoing wrongful conduct of Toyota, Plaintiffs Markatos and Colabraro and the New Jersey class members have been damaged in an amount to be proven at trial, and seek all just and proper remedies, including, but not limited to, actual and statutory damages, treble damages, an order enjoining Toyota's deceptive and unfair conduct, costs and reasonable attorneys' fees under N.J. Stat. § 56-:8-19, and all other just and appropriate relief.

**THIRTY-FIRST CLAIM FOR RELIEF**
**Breach of Express Warranty**
**N.J.S. 12A:2-313 and 2A-210)**
***On Behalf of Plaintiffs Angelo Markatos, Domenico Colabraro and the New Jersey Class***

427.    Plaintiffs Markatos and Colabraro, individually and on behalf of the New Jersey Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

428.    Plaintiffs Markatos and Colabraro bring this claim individually and on behalf of the New Jersey Class against Toyota.

429.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under N.J.S 12A:2-104(1) and a "seller" of motor vehicles under 2-103(1)(d).

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

430.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under N.J.S. 12A:2A-103(1)(p).

431.    The RAV4s are and were at all relevant times "goods" within the meaning of N.J.S. 12A:2-105(1) and 2A-103(1)(h).

432.    In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4s fuel tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

433.    Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiffs Markatos and Colabraro and the New Jersey Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

434.    Plaintiffs Markatos and Colabraro and the New Jersey Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiffs Markatos and Colabraro and the New Jersey Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

435.    Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

436.    Plaintiff Markatos reported his fuel tank issue to Toyota. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings, and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

437.     As a direct and proximate result of Toyota's breach of express warranties, Plaintiffs Markatos and Colabraro and the New Jersey Class members have been damaged in an amount to be determined at trial.

**THIRTY-SECOND CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**N.J.S. 12A:2-314 and 2A-212)**
***On Behalf of Plaintiffs Angelo Markatos, Domenico Colabraro and the New Jersey Class***

438.     Plaintiffs Markatos and Colabraro, individually and on behalf of the New Jersey Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

439.     Plaintiffs Markatos and Colabraro bring this claim individually and on behalf of the New Jersey Class against Toyota.

440.     Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under N.J.S 12A:2-104(1) and a "seller" of motor vehicles under 2-103(1)(d).

441.     With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under N.J.S.  12A:2A-103(1)(p).

442.     The RAV4s are and were at all relevant times "goods" within the meaning of N.J.S. 12A:2-105(1) and 2A-103(1)(h).

443.     A warranty that the RAV4s were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant N.J.S. 12A:2-314 and 2A-212.

444.     The RAV4s, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used. Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill and their mileage range is significantly diminished.

445.     Plaintiff Markatos reported his fuel tank issue to Toyota. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings and has actual knowledge of the

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

446.    As a direct and proximate result of Toyota's breach of the implied warranty of merchantability, Plaintiffs Markatos and Colabraro and the New Jersey Class members have been damaged in an amount to be determined at trial.

## THIRTY-THIRD CLAIM FOR RELIEF
### Violations of New York General Business Law § 349
### N.Y. GEN. BUS. LAW § 349
*On Behalf of Plaintiff Sarah Kessler and the New York Class*

447.    Plaintiff Kessler, individually and on behalf of the New York Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

448.    Plaintiff Kessler brings this claim individually and on behalf of the New York Class against Toyota.

449.    Plaintiff Kessler, the New York class members, and Toyota are "persons" under N.Y. Gen. Bus. Law §349(h), the New York Deceptive Acts and Practices Act ("NY DAPA").

450.    Toyota's actions as set forth herein occurred in the conduct of trade or commerce under NY DAPA.

451.    The NY DAPA makes unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce." N.Y. Gen. Bus. Law § 349. Toyota's conduct, as set forth herein, constitutes deceptive acts or practices under this section.

452.    In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

453.     Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity and mileage range after the RAV4s were sold and leased but continued to conceal information until the defect was revealed by RAV4 purchasers and lessees.

454.     Toyota owed Plaintiff Kessler and the New York Class a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b) intentionally concealed the foregoing from Plaintiff Kessler and the New York Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiff Kessler and the New York Class that contradicted these representations.

455.     Toyota thus violated the NY DAPA by, at a minimum, (1) representing that the RAV4s have characteristics, uses, benefits, and qualities which they do not have; (2) representing that the RAV4s are of a particular standard, quality, and grade when they are not; (3) advertising the RAV4s with the intent not to sell them as advertised; (4) failing to disclose information concerning the RAV4s with the intent to induce consumers to purchase or lease the RAV4s.

456.     Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff Kessler.

457.     Plaintiff Kessler and the New York Class suffered ascertainable loss and actual damages as a direct and proximate result of Toyota's misrepresentations and its concealment of and failure to disclose material information. Plaintiff Kessler and the New York Class members who purchased or leased the RAV4s would not have purchased or leased them or would have paid significantly less for them if the fuel tank defect had been disclosed.

458.     Toyota's violations of the NY DAPA present a continuing risk to Plaintiff Kessler, the New York Class, and the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

459.     As a result of the foregoing willful, knowing, and wrongful conduct of Toyota, Plaintiff Kessler and the New York class have been damaged in an amount to be proven at trial, and seek all just and proper remedies, including but not limited to actual damages or $50 each,

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

whichever is greater, treble damages up to $1,000 each, punitive damages to the extent available under the law, reasonable attorneys' fees and costs, an order enjoining Toyota's deceptive and unfair conduct, and all other just and appropriate relief available under the NY DAPA.

### THIRTY-FORTH CLAIM FOR RELIEF
#### Violations of New York General Business Law § 350
##### (N.Y. GEN. BUS. LAW § 350)
#### *On Behalf of Plaintiff Sarah Kessler and the New York Class*

460.    Plaintiff Kessler, individually and on behalf of the New York Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

461.    Plaintiff Kessler brings this claim individually and on behalf of the New York Class against Toyota.

462.    Toyota was engaged in the "conduct of business, trade or commerce," within the meaning of N.Y. Gen. Bus. Law § 350, the New York False Advertising Law ("NY FAA").

463.    The NY FAA makes unlawful "[f]alse advertising in the conduct of any business, trade or commerce." N.Y. Gen. Bus. Law § 350. False advertising includes "advertising, including labeling, of a commodity . . . if such advertising is misleading in a material respect," taking into account "the extent to which the advertising fails to reveal facts material in light of ... representations [made] with respect to the commodity ...." N.Y. Gen. Bus. Law § 350-a.

464.    Toyota caused to be made or disseminated throughout New York, through advertising, marketing, and other publications, statements, and omissions that were untrue or misleading, and that were known by Toyota, or that through the exercise of reasonable care should have been known by Toyota, to be untrue and misleading to Plaintiff Kessler and the New York Class.

465.    Toyota made numerous material representations and omissions of fact with intent to mislead and deceive concerning the RAV4s, concerning the fuel tank capacity and mileage range of the vehicles. Specifically, Toyota intentionally concealed and suppressed material facts concerning the RAV4's fuel tank design defect that prevents the 14.5 gallon tank from filling to capacity, and thus significantly diminished the vehicles mileage range.

466.     The misrepresentations and omissions alleged herein were material and likely to deceive a reasonable consumer. Specifically, although Toyota advertised the RAV4s as having a 14.5 gallon fuel tank capable of a 580 mileage range, the RAV4s in fact do not accept 14.5 gallons of fuel and their actual mileage range significantly less than 580 miles.

467.     Toyota intentionally and knowingly misrepresented material facts regarding the RAV4s with the intent to mislead Plaintiff Kessler and the New York Class.

468.     Toyota's false advertising was likely to and did in fact deceive reasonable consumers, including Plaintiff Kessler and New York Class members about the effective capacity of the RAV4's fuel tank and the mileage range of the vehicles.

469.     Toyota's violations of NY FAA present a continuing risk to Plaintiff Kessler, the New York Class, and the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

470.     The RAV4s do not perform as advertised by Toyota, making them far less valuable than advertised.

471.     Plaintiff Kessler and the New York Class members who purchased RAV4s either would not have purchased them at all or would have paid less but for Toyota's false advertising in violation of the NY FAA. Plaintiffs and the New York Class members who lease the RAV4s either would not have leased them at all, or would have leased them at a lower rate but for Toyota's false advertising in violation of the NY FAA.

472.     Plaintiff Kessler and the New York Class have suffered injury-in-fact and/or actual damages and ascertainable loss as a direct and proximate result of Toyota's false advertising in violation of the NY FAA, including but not limited to diminished value for the RAV4 they purchased or leased; lost or diminished use, enjoyment and utility of such vehicles; and annoyance, aggravation, and inconvenience resulting from Toyota's violations of the NY FAA.

473.     Plaintiff Kessler and the New York Class seek monetary relief against Toyota measured as the greater of (a) actual damages in an amount to be determined at trial, and (b) statutory damages in the amount of $500 each for New York class members. Because Toyota's

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

conduct was committed willingly and knowingly, New York Class members are entitled to recover three times actual damages, up to $10,000.

474.    Plaintiff Kessler and the New York Class also seek an order enjoining Toyota's false advertising, attorneys' fees, and any other just and proper relief under N.Y. Gen. Bus. Law § 350.

475.    As a direct and proximate result of Toyota's violations of the NYFAA, Plaintiff Kessler and the New York Class have suffered injury-in-fact and/or actual damage.

476.    Plaintiff Kessler and the New York Class seek monetary relief against Toyota measured as the greater of (a) actual damages in an amount to be determined at trial, and (b) statutory damages in the amount of $500 each for Plaintiff Kessler and the New York class members. Because Toyota's conduct was committed willingly and knowingly, Plaintiff Kessler and the New York class members are entitled to recover three times actual damages, up to $10,000.

477.    Plaintiff Kessler and the New York Class also seek an order enjoining Toyota's false advertising, attorneys' fees, and any other just and proper relief under N.Y. Gen. Bus. Law § 350.

### THIRTY-FIFTH CLAIM FOR RELIEF
#### Breach of Express Warranty
##### (N.Y. U.C.C. LAW §§ 2-313 and 2A-210)
##### *On Behalf of Plaintiff Sarah Kessler and the New York Class*

478.    Plaintiff Kessler, individually and on behalf of the New York Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

479.    Plaintiff Kessler brings this claim individually and on behalf of the New York Class against Toyota.

480.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under N.Y. UCC Law § 2-104(1) and a "seller" of motor vehicles under § 2-103(1)(d).

481.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under N.Y. UCC Law § 2A-103(1)(p).

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

482.    The RAV4s are and were at all relevant times "goods" within the meaning of N.Y. UCC Law §§ 2-105(1) and 2A-103(1)(h).

483.    In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4s fuel tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

484.    Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiff Kessler and the New York Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

485.    Plaintiff Kessler and the New York Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiff Kessler and the New York Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

486.    Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

487.    Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings, and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impact the RAV4's total available driving distance.

488.    As a direct and proximate result of Toyota's breach of express warranties, Plaintiff Kessler and the New York Class members have been damaged in an amount to be determined at trial.

### THIRTY-SIXTH CLAIM FOR RELIEF
### Breach of Implied Warranty of Merchantability
### N.Y. UCC §§ 2-314 and 2A-212)
### *On Behalf of Plaintiff Sarah Kessler and the New York Class*

489.    Plaintiff Kessler, individually and on behalf of the New York Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

490.    Plaintiff Kessler brings this claim individually and on behalf of the New York Class against Toyota.

491.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under N.Y. UCC Law § 2-104(1) and a "seller" of motor vehicles under § 2-103(1)(d).

492.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under N.Y. UCC Law § 2A-103(1)(p).

493.    The RAV4s are and were at all relevant times "goods" within the meaning of N.Y. UCC Law §§ 2-105(1) and 2A-103(1)(h).

494.    A warranty that the RAV4s were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant N.Y. U.CC Law §§ 2-314 and 2A-212.

495.    The RAV4s, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used. Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill and their mileage range is significantly diminished.

496.    Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings and has actual knowledge of the failure as evidenced by its public admission in December 2019 that

the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

497.    As a direct and proximate result of Toyota's breach of the implied warranty of merchantability, Plaintiff Kessler and the New York Class members have been damaged in an amount to be determined at trial.

**THIRTY-SEVENTH CLAIM FOR RELIEF**
**Violations of North Carolina Unfair and Deceptive Trade Practices Act**
**N.C. GEN. STAT. §§ 75-1.1, *et seq.***
***On Behalf of Plaintiff Suzanne Hakes and the North Carolina Class***

498.    Plaintiff Hakes, individually and on behalf of the North Carolina Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

499.    Plaintiff Hakes brings this claim individually and on behalf of the North Carolina Class against Toyota.

500.    Plaintiff Hakes and the North Carolina Class members are persons under the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §§ 75-1.1, *et seq.* ("NCUDTPA").

501.    Toyota's acts or practices complained of herein were performed in the course of Toyota's trade or business and thus occurred in or affected "commerce," as defined in N.C. Gen. Stat. § 75-1.1(b).

502.    The NCUDTPA makes unlawful "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce[.]" The NCUDTPA provides a private right of action for any person injured "by reason of any act or thing done by any other person, firm or corporation in violation of" the NCUDTPA. N.C. Gen. Stat. § 75-16.

503.    In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

504.     Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity and mileage range after the RAV4s were sold and leased but continued to conceal the information until the defect was revealed by RAV4 purchasers and lessees.

505.     Toyota owed Plaintiff Hakes and the North Carolina Class a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b) intentionally concealed the foregoing from Plaintiff Hakes and the North Carolina Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiff Hakes and the North Carolina Class that contradicted these representations.

506.     Toyota thus violated the NCUDTPA by, at a minimum by: 1) representing that the RAV4s have characteristics, uses, benefits, and qualities which they do not have; (2) representing that the RAV4s are of a particular standard, quality, and grade when they are not; (3) advertising the RAV4s with the intent not to sell them as advertised; (4) failing to disclose information concerning the RAV4s with the intent to induce consumers to purchase or lease the Class Vehicles; and (5) otherwise engaging in conduct likely to deceive.

507.     Toyota intentionally and knowingly misrepresented material facts regarding the RAV4s with the intent to mislead Plaintiff Hakes and the North Carolina Class members.

508.     Toyota knew or should have known that its conduct violated the NCUDTPA.

509.     Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs Hakes.

510.     Plaintiff Hakes and the North Carolina Class suffered ascertainable loss and actual damages as a direct and proximate result of Toyota's misrepresentations and its concealment of and failure to disclose material information. Plaintiffs Hakes and the North Carolina Class members who purchased or leased the RAV4s would not have purchased or leased them or would have paid significantly less for them if the fuel tank defect had been disclosed.

511.    Toyota had an ongoing duty to Plaintiff Hakes and the North Carolina Class to refrain from unfair and deceptive practices under the NCUDTPA.

512.    Toyota's violations present a continuing risk to Plaintiff Hakes, the North Carolina Class, and the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

513.    As a result of the foregoing wrongful conduct of Toyota, Plaintiff Hakes and the North Carolina class members have been damaged in an amount to be proven at trial, and seek all just and proper remedies, including, but not limited to treble damages, an order enjoining Toyota's deceptive and unfair conduct, costs and reasonable attorneys' fees, and any other just and proper relief available under N.C. Gen. Stat. § 75-16.

### THIRTY-EIGHTH CLAIM FOR RELIEF
**Breach of Express Warranty**
**(N.C.G.S.A. §§ 25-2-313 and 252A-210)**
***On Behalf of Plaintiff Suzanne Hakes and the North Carolina Class***

514.    Plaintiff Hakes, individually and on behalf of the North Carolina, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

515.    Plaintiff Hakes brings this claim individually and on behalf of the North Carolina Class against Toyota.

516.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under N.C.G.S.A. § 25-2-104(1) and a "seller" of motor vehicles under § 25-2-103(1)(d).

517.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under N.C.G.S.A. § 25-2A-103(1)(p).

518.    The RAV4s are and were at all relevant times "goods" within the meaning of N.C.G.S.A. §§ 25-2-105(1) and 25-2A-103(1)(h).

519.    In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

and represents in its marketing, specifications, and informational materials that the RAV4s fuel tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

520. Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiff Hakes and the North Carolina Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

521. Plaintiff Hakes and the North Carolina Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiff Hakes and the North Carolina Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

522. Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

523. Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings, and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

524. As a direct and proximate result of Toyota's breach of express warranties, Plaintiff Hakes and the North Carolina Class members have been damaged in an amount to be determined at trial.

1

2

### THIRTY-NINTH CLAIM FOR RELIEF
#### Breach of Implied Warranty of Merchantability
#### (N.C.G.S.A. §§ 25-2-314 and 252A-212)
#### *On Behalf of Plaintiff Suzanne Hakes and the North Carolina Class*

3

4      525.    Plaintiff Hakes, individually and on behalf of the North Carolina, incorporates by

5  reference all of the allegations contained in the preceding paragraphs of this Class Action

6  Complaint as if fully set forth herein.

7      526.    Plaintiff Hakes brings this claim individually and on behalf of the North Carolina

8  Class against Toyota.

9      527.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles

10  under N.C.G.S.A. § 25-2-104(1) and a "seller" of motor vehicles under § 25-2-103(1)(d).

11      528.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor

12  vehicles under N.C.G.S.A. § 25-2A-103(1)(p).

13      529.    The RAV4s are and were at all relevant times "goods" within the meaning of

14  N.C.G.S.A. §§ 25-2-105(1) and 25-2A-103(1)(h).

15      530.    A warranty that the RAV4s were in merchantable condition and fit for the ordinary

16  purpose for which vehicles are used is implied by law pursuant N.C.G.S.A. §§ 25-2-314 and 25-

17  2A-212.

18      531.    The RAV4s, when sold or leased and at all times thereafter, were not in

19  merchantable condition and are not fit for the ordinary purpose for which vehicles are used.

20  Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill and

21  their mileage range is significantly diminished.

22      532.    Toyota was provided with notice of these issues by numerous NHTSA and

23  consumer complaints filed against it, including the instant Complaint and similar legal proceedings

24  and has actual knowledge of the failure as evidenced by its public admission in December 2019 that

25  the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the

26  RAV4's total available driving distance.

27

28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

533.    As a direct and proximate result of Toyota's breach of the implied warranty of merchantability, Plaintiff Hakes and the North Carolina Class members have been damaged in an amount to be determined at trial.

**FORTIETH CLAIM FOR RELIEF**
**Violations of Ohio Consumer Sales Practices Act**
**OHIO REV. CODE §§ 1345.01, *et seq.***
***On Behalf of Plaintiff Adolfo Muccillo and the Ohio Class***

534.    Plaintiff Muccillo, individually and on behalf of the Ohio Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

535.    Plaintiff Muccillo brings this claim individually and on behalf of the Ohio Class members against Toyota.

536.    Plaintiff Muccillo, the Ohio Class members, and Toyota are persons within the meaning of Ohio Rev. Code § 1345.01(B). Toyota is a supplier as defined by Ohio Rev. Code § 1345.01(C).

537.    Plaintiff Muccillo and the Ohio Class member are "consumers" as that term is defined in Ohio Rev. Code § 1345.01(D), and their purchases and leases of the RAV4s are "consumer transactions" within the meaning of Ohio Rev. Code § 2345.01(A).

538.    Ohio Rev. Code  1345.02 (the "Ohio CSPA") prohibits unfair or deceptive acts or practices in  connection with a consumer transaction. The Ohio CSPA prohibits a supplier from (i) representing that goods have characteristics, uses or benefits which the goods do not have; (ii) representing that their goods are of a particular quality or grade that the product is not; and (iii) representing that the subject of a consumer transaction has been supplied in accordance with a previous representation, if it has not.

539.     In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1  omission of any material fact with intent that others rely upon such concealment, suppression or

2  omission, in connection with the sale and lease of RAV4s.

3       540.     Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of

4  sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity

5  and mileage range after the RAV4s were sold and leased but continued to conceal information until

6  the defect was revealed by RAV4 purchasers and lessees.

7       541.     Toyota owed Plaintiff Muccillo and the Ohio Class a duty to disclose the true

8  nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b)

9  intentionally concealed the foregoing from Plaintiff Muccillo and the Ohio Class; and (c) made

10  incomplete representations about the RAV4's fuel tank capacity and mileage range, while

11  purposefully withholding material facts from Plaintiff Muccillo and the Ohio Class that

12  contradicted these representations.

13       542.     Toyota thus violated the Ohio CSPA by, at a minimum : 1) representing that the

14  RAV4s have characteristics, uses, benefits, and qualities which they do not have; (2) representing

15  that the RAV4s are of a particular standard, quality, and grade when they are not; (3) advertising

16  the RAV4s with the intent not to sell them as advertised; (4) failing to disclose information

17  concerning the RAV4s with the intent to induce consumers to purchase or lease the Class

18  Vehicles; and (5) otherwise engaging in conduct likely to deceive.

19       543.     Toyota intentionally and knowingly misrepresented material facts regarding the

20  RAV4s with the intent to mislead Plaintiff Muccillo and the Ohio Class members.

21       544.     Toyota knew or should have known that its conduct violated the Ohio CSPA.

22       545.     The Ohio Attorney General has made available for public inspection prior state

23  court decisions which have held that the acts and omissions of Toyota in this Class Action

24  Complaint, including but not limited to, the failure to honor both implied and express warranties,

25  the making and distribution of false, deceptive, and/or misleading representations, and the

26  concealment and/or non-disclosure of a substantial defect constitute deceptive sales practices in

27  violation of the CSPA. These cases include, but are not limited to, the following:

28       a)     *Mason v. Mercedes Benz USA, LLC* (OPIF #10002382);

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

b)   *State ex rel. Betty D. Montgomery v. Ford Motor Co.* (OPIF #10002123);

c)   *State ex rel. Betty D. Montgomery v. Bridgestone/Firestone, Inc.* (OPIF #10002025);

d)   *Bellinger v. Hewlett-Packard Co.*, No. 20744, 2002 Ohio App. LEXIS 1573 (Ohio Ct. App. Apr. 10, 2002) (OPIF #10002077);

e)   *Borror v. MarineMax of Ohio*, No. OT-06-010, 2007 Ohio App. LEXIS 525 (Ohio Ct. App. Feb. 9, 2007) (OPIF #10002388);

f)   *State ex rel. Jim Petro v. Craftmatic Organization, Inc.* (OPIF #10002347);

g)   *Cranford v. Joseph Airport Toyota, Inc.* (OPIF #10001586);

h)   *Brown v. Spears* (OPIF #10000403);

i)   *i. Brinkman v. Mazda Motor of America, Inc.* (OPIF #10001427);

j)   *j. Mosley v. Performance Mitsubishi aka Automanage* (OPIF #10001326); and

k)   *k. Walls v. Harry Williams dba Butch's Auto Sales (*OPIF #10001524).

546.    Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff Muccillo and the Ohio Class.

547.    Plaintiff Muccillo and the Ohio Class suffered ascertainable loss and actual damages as a direct and proximate result of Toyota's misrepresentations and its concealment of and failure to disclose material information. Plaintiff Muccillo and the Ohio Class members who purchased or leased the RAV4s would not have purchased or leased them or would have paid significantly less for them if the fuel tank defect had been disclosed.

548.    Toyota had an ongoing duty to Plaintiff Muccillo and the Ohio Class to refrain from unfair and deceptive practices under the Ohio CSPA.

549.    Toyota's violations present a continuing risk to Plaintiff Muccillo, the Ohio Class, and the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

550.    Pursuant to Ohio Rev. Code § 1345.09, Plaintiff Muccillo and the Ohio Class seek an order enjoining Toyota's unfair and/or deceptive acts or practices, actual damages – trebled, and any attorneys' fees, costs, and any other just and proper relief, to the extent available under the Ohio CSPA.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**FORTY-FIRST CLAIM FOR RELIEF**
**Violations of the Ohio Deceptive Trade Practices Act**
**OHIO REV. CODE § 4165.01, *et seq.***
***On Behalf of Plaintiff Adolfo Muccillo and the Ohio Class***

551.    Plaintiff Muccillo, individually and on behalf of the Ohio Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

552.    Plaintiff Muccillo brings this claim individually and on behalf of the Ohio Class against Toyota.

553.    Toyota, Plaintiff Muccillo, and the Ohio Class members are "persons" within the meaning of Ohio Rev. Code § 4165.01(D).

554.    The Ohio Deceptive Trade Practices Act, Ohio Rev. Code § 4165.02(A) ("Ohio DTPA") provides that a "person engages in a deceptive trade practice when, in the course of the person's business, vocation, or occupation," the person does any of the following: "(2) Causes likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services; ... (7) Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have; ... (9) Represents that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; ... [or] (11) Advertises goods or services with intent not to sell them as advertised."

555.    In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

556.    Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity and mileage range after the RAV4s were sold and leased but continued to conceal information until the defect was revealed by RAV4 purchasers and lessees.

557.    Toyota owed Plaintiff Muccillo and the Ohio Class a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b) intentionally concealed the foregoing from Plaintiff Muccillo and the Ohio Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiff Muccillo and the Ohio Class that contradicted these representations.

558.    Toyota thus violated the Ohio DTPA by, at a minimum: (1) representing that the RAV4s have characteristics, uses, benefits, and qualities which they do not have; (2) representing that the RAV4s are of a particular standard, quality, and grade when they are not; (3) advertising the RAV4s with the intent not to sell them as advertised; (4) failing to disclose information concerning the RAV4s with the intent to induce consumers to purchase or lease the RAV4s.

559.    Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff Muccillo and the Ohio Class members.

560.    Plaintiff Muccillo and the Ohio Class members suffered ascertainable loss and actual damages as a direct and proximate result of Toyota's misrepresentations and its concealment of and failure to disclose material information. Plaintiff Muccillo and the Ohio Class members who purchased or leased the RAV4s would not have purchased or leased them or would have paid significantly less for them if the fuel tank defect had been disclosed.

561.    Toyota had an ongoing duty to Plaintiff Muccillo and the Ohio Class to refrain from unfair and deceptive practices under the Ohio DTPA.

562.    Toyota's violations present a continuing risk to Plaintiff Muccillo, the Ohio Class, and the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

563.     Pursuant to Ohio Rev. Code § 4165.03, Plaintiff Muccillo and the Ohio Class seek an order enjoining Toyota's unfair and/or deceptive acts or practices, damages, punitive damages, and attorneys' fees, costs, and any other just and proper relief available under the Ohio DTPA.

## FORTY-SECOND CLAIM FOR RELIEF
### Breach of Express Warranty
### (OHIO REV. CODE §§ 1302.26 *et seq.*)
### *On Behalf of Plaintiff Adolfo Muccillo and the Ohio Class*

564.     Plaintiff Muccillo, individually and on behalf of the Ohio Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

565.     Plaintiff Muccillo brings this claim individually and on behalf of the Ohio Class against Toyota.

566.     Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Ohio Rev. Code §§ 1302.01(5) and 1310(A)(20) and a "seller" of motor vehicles under § 1302.01(4).

567.     With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Ohio Rev. Code § 1310.01(A)(20).

568.     The RAV4s are and were at all relevant times "goods" within the meaning of Ohio Rev. Code §§ 1302.01(8) and 1310.01(A)(8).

569.     In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4s fuel tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

570.     Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiff Muccillo and the Ohio Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

571.     Plaintiff Muccillo and the Ohio Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Muccillo and the Ohio Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

572.     Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

573.     Plaintiff Muccillo reported his fuel tank issue to Toyota. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings, and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

574.     As a direct and proximate result of Toyota's breach of express warranties, Plaintiff Muccillo and the Ohio Class members have been damaged in an amount to be determined at trial.

**FORTY-THIRD CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**(OHIO REV. CODE §§ 1302.27 and 1310.19)**
*On Behalf of Plaintiff Adolfo Muccillo and the Ohio Class*

575.     Plaintiff Muccillo, individually and on behalf of the Ohio Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

576.     Plaintiff Muccillo brings this claim individually and on behalf of the Ohio Class against Toyota.

577.     Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Ohio Rev. Code §§ 1302.01(5) and 1310(A)(20) and a "seller" of motor vehicles under § 1302.01(4).

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

578.   With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Ohio Rev. Code § 1310.01(A)(20).

579.   The RAV4s are and were at all relevant times "goods" within the meaning of Ohio Rev. Code §§ 1302.01(8) and 1310.01(A)(8).

580.   A warranty that the RAV4s were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant Ohio Rev. Code §§ 1302.27 and 1310.19.

581.   The RAV4s, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used. Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill and their mileage range is significantly diminished.

582.   Plaintiff Muccillo reported his fuel tank issue to Toyota. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

583.   As a direct and proximate result of Toyota's breach of the implied warranty of merchantability, Plaintiff Muccillo and the Ohio Class members have been damaged in an amount to be determined at trial.

**FORTY-FOURTH CLAIM FOR RELIEF**
**Violations of the Oregon Unlawful Trade Practices Act**
**OHIO REV. STAT. §S 646.605, *et seq.***
***On Behalf of Plaintiff Curtis Huston and the Oregon Class***

584.   Plaintiff Huston, individually and on behalf of the Oregon Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

585.   Plaintiff Huston brings this claim individually and on behalf of the Oregon Class against Toyota.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

586.     Toyota, Plaintiff Huston, and the Oregon Class members are "persons" within the meaning of Or. Rev. Stat. § 646.605(4).

587.     Toyota is engaged in "trade" or "commerce" within the meaning of Or. Rev. Stat. § 646.605(8).

588.     The Oregon Unfair Trade Practices Act ("Oregon UTPA") prohibits "unfair or deceptive acts conduct in trade or commerce…." Or. Rev. Stat. § 646.608(1).

589.     In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

590.     Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity and mileage range after the RAV4s were sold and leased but continued to conceal information until the defect was revealed by RAV4 purchasers and lessees.

591.     Toyota owed Plaintiff Huston and the Oregon Class a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b) intentionally concealed the foregoing from Plaintiff Huston and the Oregon Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiff Huston and the Oregon Class that contradicted these representations.

592.     Toyota thus violated the Oregon UTPA by, at a minimum: (1) representing that the RAV4s have characteristics, uses, benefits, and qualities which they do not have; (2) representing that the RAV4s are of a particular standard, quality, and grade when they are not; (3) advertising the RAV4s with the intent not to sell them as advertised; and (4) failing to disclose information concerning the RAV4s with the intent to induce consumers to purchase or lease the RAV4s.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

593.   Toyota intentionally and knowingly misrepresented material facts regarding the RAV4s with the intent to mislead Plaintiff Huston and the Oregon Class members.

594.   Toyota knew or should have known that its conduct violated the Oregon UTPA.

595.   Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff Huston and the Oregon Class members.

596.   Plaintiff Huston and the Oregon Class members suffered ascertainable loss and actual damages as a direct and proximate result of Toyota's misrepresentations and its concealment of and failure to disclose material information. Plaintiff Huston and the Oregon Class members who purchased or leased the RAV4s would not have purchased or leased them or would have paid significantly less for them if the fuel tank defect had been disclosed.

597.   Toyota had an ongoing duty to Plaintiff Huston and the Oregon Class to refrain from unfair and deceptive practices under the Oregon UTPA.

598.   Toyota's violations present a continuing risk to Plaintiff Huston, the Oregon Class, and the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

599.   Pursuant to Or. Rev. Stat. § 646.638, Plaintiff Huston and the Oregon Class seek an order enjoining Toyota's unfair and/or deceptive acts or practices, damages, punitive damages, and attorneys' fees, costs, and any other just and proper relief available under the Oregon UTPA.

**FORTY-FIFTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
**(OR. REV. CODE §§ 72.3130 and 72A.2100)**
***On Behalf of Plaintiff Curtis Huston and the Oregon Class***

600.   Plaintiff Huston, individually and on behalf of the Oregon Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

601.   Plaintiff Huston brings this claim individually and on behalf of the Oregon Class against Toyota.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

602. Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Or. Rev. Stat. §§ 72.1040(1) and 72A.1030(1)(t) and a "seller" of motor vehicles under § 72.1030(1)(d).

603. With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Or. Rev. Stat. § 72A.1030(1)(p).

604. The RAV4s are and were at all relevant times "goods" within the meaning of Or. Rev. Stat. §§ 72.1050(1) and 72A.1030(1)(h).

605. In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4s fuel tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

606. Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiff Huston and the Oregon Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

607. Plaintiff Huston and the Oregon Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Huston and the Oregon Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

608. Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

609. Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal

proceedings, and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

610.    As a direct and proximate result of Toyota's breach of express warranties, Plaintiff Huston and the Oregon Class members have been damaged in an amount to be determined at trial.

**FORTY-SIXTH CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**(OR. REV. CODE §§ 72.3140 and 72A.2120)**
***On Behalf of Plaintiff Curtis Huston and the Oregon Class***

611.    Plaintiff Huston, individually and on behalf of the Oregon Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

612.    Plaintiff Huston brings this claim individually and on behalf of the Oregon Class against Toyota.

613.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Or. Rev. Stat. §§ 72.1040(1) and 72A.1030(1)(t) and a "seller" of motor vehicles under § 72.1030(1)(d).

614.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Or. Rev. Stat. § 72A.1030(1)(p).

615.    The RAV4s are and were at all relevant times "goods" within the meaning of Or. Rev. Stat. §§ 72.1050(1) and 72A.1030(1)(h).

616.    A warranty that the RAV4s were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant Or. Rev. Stat. §§ 72.3140 and 72A-2120.

617.    The RAV4s, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used. Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill, and their mileage range is significantly diminished.

618.    Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impacts the RAV4's total available driving distance.

619.    As a direct and proximate result of Toyota's breach of the implied warranty of merchantability, Plaintiff Huston and the Oregon Class members have been damaged in an amount to be determined at trial.

### FORTY-SEVENTH CLAIM FOR RELIEF
**Violations of the Pennsylvania Unfair Trade Practices Act and Consumer Protection Law**
**(73 P.S. § 201-1, *et seq.*)**
***On Behalf of Plaintiffs Neil DiBiase and Doug Phillips and the Pennsylvania Class***

620.    Plaintiffs DiBiase and Phillips, individually and on behalf of the Pennsylvania Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

621.    Plaintiffs DiBiase and Phillips bring this claim individually and on behalf of the Pennsylvania Class against Toyota.

622.    Toyota, Plaintiffs DiBiase and Phillips, and the Pennsylvania Class members are "persons" within the meaning of 73 P.S. § 201-2(2).

623.    Toyota is engaged in "trade" or "commerce" within the meaning of 73 P.S. § 201-2(3).

624.    The Pennsylvania Unfair Trade Practices Act ("Pennsylvania UTPA") prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce…." 73 P.S. § 201-3.

625.    In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

626. Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity and mileage range after the RAV4s were sold and leased but continued to conceal information until the defect was revealed by RAV4 purchasers and lessees.

627. Toyota owed Plaintiffs DiBiase and Phillips and the Pennsylvania Class a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b) intentionally concealed the foregoing from Plaintiffs DiBiase and Phillips and the Ohio Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiffs DiBiase and Phillips and the Ohio Class that contradicted these representations.

628. Toyota thus violated the Pennsylvania UTPA by, at a minimum: (1) representing that the RAV4s have characteristics, uses, benefits, and qualities which they do not have; (2) representing that the RAV4s are of a particular standard, quality, and grade when they are not; (3) advertising the RAV4s with the intent not to sell them as advertised; and (4) failing to disclose information concerning the RAV4s with the intent to induce consumers to purchase or lease the RAV4s.

629. Toyota intentionally and knowingly misrepresented material facts regarding the RAV4s with the intent to mislead Plaintiffs DiBiase and Phillips and the Pennsylvania Class members.

630. Toyota knew or should have known that its conduct violated the Pennsylvania UTPA.

631. Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs DiBiase and Phillips and the Pennsylvania Class members.

632. Plaintiffs DiBiase and Phillips and the Pennsylvania Class members suffered ascertainable loss and actual damages as a direct and proximate result of Toyota's

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

misrepresentations and its concealment of and failure to disclose material information. Plaintiffs DiBiase and Phillips and the Pennsylvania Class members who purchased or leased the RAV4s would not have purchased or leased them or would have paid significantly less for them if the fuel tank defect had been disclosed.

633. Toyota had an ongoing duty to Plaintiffs DiBiase and Phillips and the Pennsylvania Class to refrain from unfair and deceptive practices under the Pennsylvania UTPA.

634. Toyota's violations present a continuing risk to Plaintiffs DiBiase and Phillips, the Pennsylvania Class, and the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

635. Pursuant to 73 P.S. § 201-9.2(a), Plaintiffs DiBiase and Phillips and the Pennsylvania Class seek an order enjoining Toyota's unfair and/or deceptive acts or practices, damages, punitive damages, and attorneys' fees, costs, and any other just and proper relief available under the Pennsylvania UTPA.

### FORTY-EIGHTH CLAIM FOR RELIEF
#### Breach of Express Warranty
#### (13 PA. CONS. STAT. §§ 2313 and 2A210)
#### *On Behalf of Plaintiffs Neil DiBiase, Doug Phillips and the Pennsylvania Class*

636. Plaintiffs DiBiase and Phillips, individually and on behalf of the Pennsylvania Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

637. Plaintiffs DiBiase and Phillips bring this claim individually and on behalf of the Pennsylvania Class against Toyota.

638. Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under 13 Pa. Cons. Stat. §§ 2104 and 2A103(a) and a "seller" of motor vehicles under § 2103(a).

639. With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under 13 Pa. Cons. Stat. § 2A103(a).

640. The RAV4s are and were at all relevant times "goods" within the meaning of 13 Pa. Cons. Stat. §§ 2105(a) and 2A103(a).

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

641.     In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4s fuel tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

642.     Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiffs DiBiase and Phillips and the Pennsylvania Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

643.     Plaintiffs DiBiase and Phillips and the Pennsylvania Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiffs DiBiase and Phillips and the Pennsylvania Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

644.     Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

645.     Plaintiff Phillips reported his fuel tank issue to Toyota. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings, and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impact the RAV4's total available driving distance.

646.     As a direct and proximate result of Toyota's breach of express warranties, Plaintiffs DiBiase and Phillips and the Pennsylvania Class members have been damaged in an amount to be determined at trial.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**FORTY-NINTH CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**(13 PA. CONS. STAT. §§ 2314 and 2A212)**
*On Behalf of Plaintiffs Neil DiBiase, Doug Phillips and the Pennsylvania Class*

647.    Plaintiffs DiBiase and Phillips, individually and on behalf of the Pennsylvania Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

648.    Plaintiffs DiBiase and Phillips bring this claim individually and on behalf of the Pennsylvania Class against Toyota.

649.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under 13 Pa. Cons. Stat. §§ 2104 and 2A103(a) and a "seller" of motor vehicles under § 2103(a).

650.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under 13 Pa. Cons. Stat. § 2A103(a).

651.    The RAV4s are and were at all relevant times "goods" within the meaning of 13 Pa. Cons. Stat. §§ 2105(a) and 2A103(a).

652.    A warranty that the RAV4s were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant 13 Pa. Cons. Stat. §§ 2314 and 2A212.

653.    The RAV4s, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used. Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill, and their mileage range is significantly diminished.

654.    Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

655.     As a direct and proximate result of Toyota's breach of the implied warranty of merchantability, Plaintiffs DiBiase and Phillips and the Pennsylvania Class members have been damaged in an amount to be determined at trial.

### FIFTIETH CLAIM FOR RELIEF
#### Breach of Express Warranty
#### (TEX. BUS. & COM. CODE §§ 2313 and 2A210)
#### *On Behalf of Plaintiff Mark Beaty and the Texas Class*

656.     Plaintiff Beaty, individually and on behalf of the Texas Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

657.     Plaintiff Beaty brings this claim individually and on behalf of the Texas Class against Toyota.

658.     Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Tex. Bus. & Com. Code §§ 2104(1) and 2A103(a)(2) and a "seller" of motor vehicles under § 2103(a)(4).

659.     With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Tex. Bus. & Com. Code § 2A103(a)(16).

660.     The RAV4s are and were at all relevant times "goods" within the meaning of Tex. Bus. & Com. Code §§ 2105(a) and 2A103(a)(8).

661.     In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4s fuel tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

662.     Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiff Beaty and the Texas members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

663.     Plaintiffs Beaty and the Texas Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiff Beaty and the Texas Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

664.     Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

665.     Plaintiff Beaty reported his fuel tank issue to Toyota. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings, and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

666.     As a direct and proximate result of Toyota's breach of express warranties, Plaintiff Beaty and the Texas Class members have been damaged in an amount to be determined at trial.

**FIFTY-FIRST CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**(TEX. BUS. & COM. CODE §§ 2.314 and 2A.212)**
***On Behalf of Plaintiff Mark Beaty and the Texas Class***

667.     Plaintiff Beaty, individually and on behalf of the Texas Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

668.     Plaintiff Beaty brings this claim individually and on behalf of the Texas Class against Toyota.

669.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Tex. Bus. & Com. Code §§ 2104(1) and 2A103(a)(2) and a "seller" of motor vehicles under § 2103(a)(4).

670.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Tex. Bus. & Com. Code § 2A103(a)(16).

671.    The RAV4s are and were at all relevant times "goods" within the meaning of Tex. Bus. & Com. Code §§ 2105(a) and 2A103(a)(8).

672.    A warranty that the RAV4s were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant Tex. Bus. & Com. Code §§ 2.314 and 2A.212.

673.    The RAV4s, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used. Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill, and their mileage range is significantly diminished.

674.    Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

675.    As a direct and proximate result of Toyota's breach of the implied warranty of merchantability, Plaintiff Beaty and the Texas Class members have been damaged in an amount to be determined at trial.

### FIFTY-SECOND CLAIM FOR RELIEF
#### Violations of the Virginia Consumer Protection Act
##### (VA. CODE ANN. §§ 59.1-196, *et seq.*)
##### *On Behalf of Plaintiffs Kenneth and Kimberly Hulme and the Virginia Class*

676.    Plaintiffs Kenneth and Kimberly Hulme, individually and on behalf of the Virginia Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

677.     Plaintiffs Kenneth and Kimberly Hulme bring this claim individually and on behalf of the Virginia Class against Toyota.

678.     Toyota, Plaintiffs Kenneth and Kimberly Hulme, and the Virginia Class members are "persons" within the meaning of Va. Code § 59.1-198.

679.     Toyota is a "supplier" within the meaning of Va. Code § 59.1-198

680.     The Virginia Consumer Protection Act ("Virginia CPA") makes unlawful "fraudulent acts or practices." Va. Code § 59.1-200(A).

681.      In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

682.     Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity and mileage range after the RAV4s were sold and leased but continued to conceal information until the defect was revealed by RAV4 purchasers and lessees.

683.     Toyota owed Plaintiffs Kenneth and Kimberly Hulme and the Virginia Class a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b) intentionally concealed the foregoing from Plaintiffs Kenneth and Kimberly Hulme and the Virginia Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiffs Kenneth and Kimberly Hulme and the Virginia Class that contradicted these representations.

684.     Toyota thus violated the Virginia CPA by, at a minimum: (1) misrepresenting that the RAV4s have certain quantities, characteristics, uses, or benefits; (2) misrepresenting that the RAV4s are of a particular standard, quality, grade, style, or model; (3) advertising the RAV4s with the intent not to sell them as advertised and (4) using any other deception, fraud, false pretense,

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

false promise, or misrepresentation in connection with a consumer transaction. Va. Code § 59.1-200(A).

685.   Toyota intentionally and knowingly misrepresented material facts regarding the RAV4s with the intent to mislead Plaintiffs Kenneth and Kimberly Hulme and the Virginia Class members.

686.   Toyota knew or should have known that its conduct violated the Virginia CPA.

687.   Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs Kenneth and Kimberly Hulme and the Virginia Class members.

688.   Plaintiffs Kenneth and Kimberly Hulme and the Virginia Class members suffered ascertainable loss and actual damages as a direct and proximate result of Toyota's misrepresentations and its concealment of and failure to disclose material information. Plaintiffs Kenneth and Kimberly Hulme and the Virginia Class members who purchased or leased the RAV4s would not have purchased or leased them or would have paid significantly less for them if the fuel tank defect had been disclosed.

689.   Toyota had an ongoing duty to Plaintiffs Kenneth and Kimberly Hulme and the Virginia Class to refrain from unfair and deceptive practices under the Virginia CPA.

690.   Toyota's violations present a continuing risk to Plaintiffs Kenneth and Kimberly Hulme, the Virginia Class, and the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

691.   Pursuant to Va. Code § 59.1-204(A)-(B), Plaintiffs Kenneth and Kimberly Hulme and the Virginia Class are entitled to the greater of actual damages or $500 for each Virginia Class member, attorneys' fees, and costs. Because Toyota's actions were willful, Plaintiff Kenneth and Kimberly Hulme and the Virginia Class members should each receive the greater of treble damages or $1,000. *Id.*

### FIFTY-THIRD CLAIM FOR RELIEF
#### Breach of Express Warranty
#### (VA. CODE §§ 8.2-313 and 8.22A-210)
#### *On Behalf of Plaintiffs Kenneth and Kimberly Hulme and the Virginia Class*

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

692.     Plaintiffs Kenneth and Kimberly Hulme, individually and on behalf of the Virginia Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

693.     Plaintiffs Kenneth and Kimberly Hulme brings this claim individually and on behalf of the Virginia Class against Toyota.

694.     Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Va. Code §§ 8.2-104(1) and 8.2A-103(1)(t) and a "seller" of motor vehicles under § 8.2-103(1)(d).

695.     With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Va. Code § 8.2A-103(1)(p).

696.     The RAV4s are and were at all relevant times "goods" within the meaning of Va. Code §§ 8.2-105(1) and 8.2A-103(1)(h).

697.     In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4s fuel tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

698.     Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiffs Kenneth and Kimberly Hulme and the Virginia members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

699.     Plaintiffs Kenneth and Kimberly Hulme and the Virginia Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiffs Kenneth and Kimberly Hulme and the Virginia Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

700.     Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

701.     Plaintiffs Kenneth and Kimberly Hulme reported their fuel tank issue to Toyota. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings, and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

702.     As a direct and proximate result of Toyota's breach of express warranties, Plaintiffs Kenneth and Kimberly Hulme and the Virginia Class members have been damaged in an amount to be determined at trial.

### FIFTY-FOURTH CLAIM FOR RELIEF
#### Breach of Implied Warranty of Merchantability
##### (VA. CODE §§ 8.2-314 and 8.22A-212)
##### *On Behalf of Plaintiffs Kenneth and Kimberly Hulme and the Virginia Class*

703.     Plaintiffs Kenneth and Kimberly Hulme, individually and on behalf of the Virginia Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

704.     Plaintiffs Kenneth and Kimberly Hulme brings this claim individually and on behalf of the Virginia Class against Toyota.

705.     Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Va. Code §§ 8.2-104(1) and 8.2A-103(1)(t) and a "seller" of motor vehicles under § 8.2-103(1)(d).

706.     With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Va. Code § 8.2A-103(1)(p).

707.     The RAV4s are and were at all relevant times "goods" within the meaning of Va. Code §§ 8.2-105(1) and 8.2A-103(1)(h).

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

708.    A warranty that the RAV4s were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant Va. Code §§ 8.2-314 and 8.2A-212.

709.    The RAV4s, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used. Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill, and their mileage range is significantly diminished.

710.    Plaintiffs Kenneth and Kimberly Hulme reported their fuel tank issue to Toyota. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

711.    As a direct and proximate result of Toyota's breach of the implied warranty of merchantability, Plaintiffs Kenneth and Kimberly Hulme and the Virginia Class members have been damaged in an amount to be determined at trial.

**FIFTY-FIFTH CLAIM FOR RELIEF**
**Violations of the Washington Consumer Protection Act**
**(WASH. REV. CODE ANN. §§ 19.86.010,** *et seq.***)**
***On Behalf of Plaintiff Jay Vilhauer and the Washington Class***

712.    Plaintiff Vilhauer, individually and on behalf of the Washington Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

713.    Plaintiff Vilhauer brings this claim individually and on behalf of the Washington Class against Toyota.

714.    Toyota, Plaintiff Vilhauer, and the Washington Class members are "persons" within the meaning of Wash. Rev. Code § 19.86.010(2).

715.    Toyota is engaged in "trade" or "commerce" within the meaning of Wash. Rev. Code § 19.86.010(2).

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

716.   The Washington Consumer Protection Act ("Washington CPA") makes unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Wash. Rev. Code § 19.86.020.

717.   In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

718.   Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity and mileage range after the RAV4s were sold and leased but continued to conceal information until the defect was revealed by RAV4 purchasers and lessees.

719.   Toyota owed Plaintiff Vilhauer and the Washington Class a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b) intentionally concealed the foregoing from Plaintiff Vilhauer and the Washington Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiff Vilhauer and the Washington Class that contradicted these representations.

720.   Toyota thus violated the Washington CPA by, at a minimum: (1) making direct statements or causing reasonable inferences about the RAV4s that had a tendency to mislead consumers; (2) engaging in advertising concerning the fuel tank capacity and mileage range of the RAVs, the overall impression of which had the tendency to mislead consumers; and (3) failing to make clear and conspicuous disclosures of limitations, disclaimers, qualifications, conditions, exclusions, or restrictions of the RAV4s.

721.   Toyota intentionally and knowingly misrepresented material facts regarding the RAV4s with the intent to mislead Plaintiff Vilhauer and the Washington Class members.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

722.    Toyota knew or should have known that its conduct violated the Washington CPA.

723.    Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff Vilhauer and the Washington Class members.

724.    Plaintiff Vilhauer and the Washington Class members suffered ascertainable loss and actual damages as a direct and proximate result of Toyota's misrepresentations and its concealment of and failure to disclose material information. Plaintiff Vilhauer and the Washington Class members who purchased or leased the RAV4s would not have purchased or leased them or would have paid significantly less for them if the fuel tank defect had been disclosed.

725.    Toyota had an ongoing duty to Plaintiff Vilhauer and the Washington Class to refrain from unfair and deceptive practices under the Washington CPA.

726.    Toyota's violations present a continuing risk to Plaintiff Vilhauer, the Washington Class, and the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

727.    Pursuant to Wash. Rev. Code § 19.86.090, Plaintiffs Vilhauer and the Washington Class seek an order enjoining Toyota's unfair and/or deceptive acts or practices, damages, punitive damages, and attorneys' fees, costs, and any other just and proper relief available under the Washington CPA. Because Toyota's actions were willful and knowing, Plaintiff's damages should be trebled. *Id.*

### FIFTY-SIXTH CLAIM FOR RELIEF
**Breach of Express Warranty**
**(WASH. REV. CODE §§ 62A.2-313 and 62A.2A-210)**
***On Behalf of Jay Vilhauer and the Washington Class***

728.    Plaintiff Vilhauer, individually and on behalf of the Washington Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

729.    Plaintiff Vilhauer brings this claim individually and on behalf of the Washington Class against Toyota.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

730. Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Wash. Rev. Code §§ 62A.2-104(1) and 62A.2A-103(1)(t) and a "seller" of motor vehicles under § 62A.2-103(1)(d).

731. With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Wash. Rev. Code § 62A.2A-103(1)(p).

732. The RAV4s are and were at all relevant times "goods" within the meaning of Wash. Rev. Code §§62A.2-105(1) and 62A.2A-103(1)(h).

733. In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4s fuel tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

734. Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiff Vilhauer and the Washington members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

735. Plaintiff Vilhauer and the Washington Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiff Vilhauer and the Washington Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

736. Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

737. Plaintiffs Vilhauer reported his fuel tank issue to Toyota. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

it, including the instant Complaint and similar legal proceedings, and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

738.    As a direct and proximate result of Toyota's breach of express warranties, Plaintiff Vilhauer and the Washington Class members have been damaged in an amount to be determined at trial.

**FIFTY-SEVENTH CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**(WASH. REV. CODE §§ 62A.2-314 and 62A.2A-212)**
***On Behalf of Jay Vilhauer and the Washington Class***

739.    Plaintiff Vilhauer, individually and on behalf of the Washington Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

740.    Plaintiff Vilhauer brings this claim individually and on behalf of the Washington Class against Toyota.

741.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Wash. Rev. Code §§ 62A.2-104(1) and 62A.2A-103(1)(t) and a "seller" of motor vehicles under § 62A.2-103(1)(d).

742.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Wash. Rev. Code § 62A.2A-103(1)(p).

743.    The RAV4s are and were at all relevant times "goods" within the meaning of Wash. Rev. Code §§62A.2-105(1) and 62A.2A-103(1)(h).

744.    A warranty that the RAV4s were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant Wash. Rev. Code §§ 62A.2-314 and 62.2A-212.

745.    The RAV4s, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill, and their mileage range is significantly diminished.

746.    Plaintiff Vilhauer reported his fuel tank issue to Toyota. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

747.    As a direct and proximate result of Toyota's breach of the implied warranty of merchantability, Plaintiff Vilhauer and the Washington Class members have been damaged in an amount to be determined at trial.

**FIFTY-EIGHTH CLAIM FOR RELIEF**
**Unjust Enrichment**
***On Behalf of Plaintiffs and the Nationwide Class***

748.    Plaintiffs, individually and on behalf of the Nationwide Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

749.    Plaintiffs brings this claim individually and on behalf of the Nationwide Class against Toyota.

750.    Toyota has benefitted from selling and leasing at an unjust profit RAV4s with defective fuel tanks whose value was artificially inflated by Toyota's concealment of the defect, and Plaintiffs and the Nationwide Class members overpaid for the vehicles.

751.    Toyota has received and retained unjust benefits from Plaintiffs and the Nationwide Class members, and inequity has resulted.

752.    It is inequitable and unconscionable for Toyota to retain these benefits.

753.    Because Toyota concealed its fraud and deception, Plaintiffs and the Nationwide Class members were not aware of the true facts concerning the RAV4s and did not benefit from Toyota's misconduct.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

754.    Toyota knowingly accepted the unjust benefits of its fraudulent conduct.

755.    As a result of Toyota's misconduct, the amount of its unjust enrichment should be disgorged and returned to Plaintiffs and the Nationwide Class members, in an amount to be proven at trial.

<strong>PRAYER FOR RELIEF</strong>

WHEREFORE, Plaintiffs, on behalf of themselves and the Nationwide Class and Subclasses, request that the Court order the following relief and enter judgment against Toyota as follows:

A.    an Order certifying the proposed Class under Fed. R. Civ. Proc. 23;

B.    an Order appointing Plaintiffs to represent the Nationwide Class and Subclasses;

C.    a declaration that Toyota engaged in the illegal conduct alleged herein;

D.    an Order that Toyota be permanently enjoined from its improper activities and conduct described herein;

E.    a Judgment awarding Plaintiffs and the Nationwide Class and Subclasses restitution and disgorgement of all compensation obtained by Toyota from its wrongful conduct;

F.    a Judgment awarding Plaintiffs and the Nationwide Class and Subclasses compensatory damages and punitive damages, where available,  in an amount to be proven at trial;

G.    Prejudgment and post-judgment interest at the maximum allowable rate;

H.    an Order awarding Plaintiffs and the Nationwide Class and Subclasses reasonable litigation expenses, costs, and attorneys' fees;

I.    an Order awarding such other injunctive and declaratory relief as is necessary to protect the interests of Plaintiffs and the Nationwide Class and Subclasses; and

J.    an Order awarding such other and further relief as the Court deems necessary, just, and proper.

<strong>DEMAND FOR JURY TRIAL</strong>

Plaintiffs hereby demand a trial by jury for all claims and issues so triable.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Dated: February 18, 2020                    SCHUBERT JONCKHEER & KOLBE LLP

                                               /s/ Kathryn Y. McCauley
                                              KATHRYN MCCAULEY

                                            ROBERT C. SCHUBERT (No. 62684)
                                            DUSTIN L. SCHUBERT (No. 254876)
                                            NOAH M. SCHUBERT (No. 278696)
                                            KATHRYN Y. MCCAULEY (No. 265803)
                                            Three Embarcadero Center, Suite 1650
                                            San Francisco, California 94111
                                            Telephone:    (415) 788-4220
                                            Facsimile:    (415) 788-0161
                                            E-mail:       rschubert@sjk.law
                                                          dschubert@sjk.law
                                                          nschubert@sjk.law
                                                          kmccualey@sjk.law

                                            *Attorneys for Plaintiff and the Putative Class*